## SQUIRES *v.* THE STATE.

CRIMINAL LAW.—*Affidavit.*—*Malicious Trespass.*—*Removal of Property without License.*—*Statute Construed.*—An affidavit which charges, that a party, on, etc., and at, etc., "did then and there, unlawfully, maliciously and mischievously injure and cause to be injured a certain fence, situate in said county, the property of" one A., "by then and there unlawfully, maliciously and mischievously tearing down, breaking down, and knocking down and removing a large portion of said fence, to wit, one-half," etc., charges a malicious trespass, as defined by section 13, 2 R. S. 1876, p. 462, and does not charge a trespass in the removal of valuable articles from the land of another, as defined by section 14 of said act.   Section 14 requires, that such removal be made " without a license so to do from competent authority."

From the Knox Circuit Court.

*H. Burns*, for appellant.

*C. A. Buskirk*, Attorney General, for the State.

HOWK, J.—This case was commenced before a justice of the peace of Knox county, Indiana, on the 25th day of October, 1877.

One Samuel Graves filed an affidavit before said justice, in which he charged, that, on the 22d day of October, 1877, at and in said Knox county, the appellant " did then and there, unlawfully, maliciously and mischievously injure and cause to be injured a certain fence, situate in said county, the property of said Samuel Graves, by then and there unlawfully, maliciously and mischievously tearing down, breaking down, and knocking down and removing a large portion of said fence, to wit, one-half of said fence, to the damage of said Graves in the sum of twenty dollars, contrary to the form of the statute," etc.

Before the justice, the appellant was found guilty as charged, and adjudged to pay a fine and costs of prosecution, from which judgment he appealed to the court below.

The appellant moved the court below to quash the affidavit, which motion was overruled, and the appellant excepted.   And the appellant having been arraigned and

pleaded not guilty, and a jury having been waived, the cause was tried by the court, and a finding was made, that the appellant was guilty as charged, and assessing his punishment at a fine of five dollars. And the appellant's motion for a new trial having been overruled, and his exception saved to such ruling, judgment was rendered by the court below upon its finding.

In this court, the appellant has assigned as errors the following decisions of the court below :

1.  In overruling his motion to quash the affidavit; and,
2.  In overruling his motion for a new trial.

The first alleged error calls in question the legal sufficiency of the affidavit on which the prosecution is founded. The appellant's attorney insists, that "the affidavit is clearly bad, for not showing with sufficient certainty whether it is founded upon the 13th or 14th sections" of the act defining misdemeanors and prescribing punishment therefor, approved June 14th, 1852. Under the 13th section of said act, the offence consists in the malicious or mischievous injury of the property of another person. 2 R. S. 1876, p. 462. Under section 14 of said act, as applied to this case, the offence would consist in the removal of a valuable article from the land of another person, without a license so to do from competent authority. 2 R. S. 1876, p. 463.

It will be seen, from the affidavit in this case, the substance of which we have set out in this opinion, that it correctly charged the appellant with a malicious trespass, as the same is defined in said section 13; while it did not correctly charge him with a trespass in the removal of a valuable article from the land of another person, as the same is defined in said section 14, in this: that it did not charge that the removal of the fence, therein mentioned, was made " without a license so to do from competent authority." So that we may well conclude, as we do, that the affidavit in this case only charged the appellant with a violation of section 13 of the misdemeanor

act, and that what is said in said affidavit about removing the fence, is not sufficient to charge him with a violation of section 14 of said act, and may therefore be regarded as mere surplusage. Under this view of the affidavit, which we think is the correct one, the appellant's objection thereto, for uncertainty as to the offence charged, is not well taken; and, therefore, we hold that no error was committed by the court below in overruling the appellant's motion to quash said affidavit.

The only cause for a new trial, assigned by the appellant in his motion therefor, was, that the finding of the court was contrary to, and was not supported by, the evidence given on the trial of said cause. We have carefully read and considered the evidence set out in the record, and, in our opinion, it fully sustained the finding of the court.

The motion for a new trial was correctly overruled.

The judgment is affirmed, at the costs of the appellant.

Petition for a rehearing overruled.