THE STATE *v.* SPARKS ET AL.

CRIMINAL LAW.—*Malicious Trespass.—Indictment.*—In an indictment under section 13, 2 R. S. 1876, p. 462, for malicious trespass, it is immaterial whether the sum laid as damages resulting from the trespass be alleged to be to the damage of the property injured or of the owner thereof.

From the Johnson Circuit Court.

*C A. Buskirk*, Attorney General, *W. S. Ray*, Prosecuting Attorney, and *Staff & Short*, for the State.

HOWK, J.—The appellees were indicted by the grand jury of the court below, at its September term, 1877, for malicious trespass.

Omitting merely formal matter, the indictment charged,. that "Edward Sparks and Enoch Abbott, late of said county, on the 14th day of May, A. D. 1877, at said county and State, did then and there unlawfully, maliciously and mischievously injure, and cause to be injured, a certain house, situate in said county, the property of one John Urick, by then and there unlawfully, maliciously and mischievously tearing off the roof of said house, to the damage of the said John Urick of the sum of five dollars, contrary to the form," etc.

The appellee Edward Sparks moved the court to quash said indictment, which motion was sustained, and to this decision the State, by its attorney, excepted.

The State, by its attorney, has appealed to this court,. and has assigned, as error, the decision of the court below in quashing the indictment.

The only question, therefore, for our decision is this: Did the court below err in quashing the indictment?

We have no brief of this cause from the appellee, in this court; and, therefore, our only information in regard to the grounds of the decision in quashing the indictment is derived from the brief of the attorneys for the State. We learn therefrom, that the indictment was " quashed, for the reason that it did not charge a damage to the property."

The indictment charged the appellees with the commission of the misdemeanor which is defined in and by section 13 of " An act defining misdemeanors and prescribing punishment therefor," approved June 14th, 1852.   2 R. S. 1876, p. 462.

Under this section, it is proper and necessary, that "the value of the damage done" should be charged in the indictment, because the fine to be assessed, on conviction, is limited by the statute to a sum " not exceeding two-fold the value of the damage done." But it seems to us to be perfectly immaterial whether it is charged that the injury complained of was to the damage of the house,

or to the damage of John Urick, as the owner of the house, in the sum of five dollars. Whichever phraseology or mode of expression might be adopted, the result or meaning would be precisely the same. If either mode of expression is adopted, the indictment would show, with sufficient clearness and certainty, the "value of the damage done;" and that is all that the indictment is required to show, under the statute.

In the case of *The State* v. *Clevinger*, 14 Ind. 366, an affidavit for malicious trespass charged "the value of the damage done," in the same form precisely in which it was charged in the indictment in this case, and the affidavit was held to be sufficient. In this particular, the indictment in this case follows exactly the precedent of an indictment for malicious trespass, in Bicknell Criminal Practice, p. 414. See, also, the case of *Squires* v. *The State*, 59 Ind. 261.

In our opinion, the court below erred in quashing the indictment.

The judgment is reversed, at the appellees' costs, and the cause is remanded, with instructions to overrule the motion to quash the indictment, and for further proceedings.