Filed Nov. 26, 1883.

———————◆———————

No. 10,191.

## DODD v. MOORE, BY NEXT FRIEND.

INFANCY.—*Complaint.*—*Next Friend.*—Where an infant sues by next friend, it is not necessary to aver in the complaint that the plaintiff is an infant, or that the written consent of the next friend had been filed.

INSTRUCTIONS.—Where it has been demanded that the instructions to the jury shall be in writing, it is not error to say orally to the jury that "the plaintiff has requested some instructions, which are in writing, and I will read them first, and I read them as the law."

SAME.— *Witnesses.*—*Credibility.*—It is error to instruct that the weight to be given to the testimony of the plaintiff and defendant, as witnesses, depends upon the interest each may have in the result of the suit.

From the Monroe Circuit Court.

*J. H. Louden, R. W. Miers, J. W. Buskirk* and *H. C. Duncan,* for appellant.

*J. R. East* and *W. H. East,* for appellee.

ZOLLARS, J.—Action by appellee, by her next friend, against appellant, to recover damages for an assault and battery and false imprisonment. Verdict and judgment for appellee. Appellant prosecutes this appeal, and assigns as error

Dodd v. Moore, by Next Friend.

the overruling of his demurrer to each paragraph of the complaint, and the overruling of his motion for a new trial.

Section 256, R. S. 1881, requires that before process shall issue in the name of an infant, who is a sole plaintiff, a competent and responsible person shall consent in writing to appear as the next friend of such infant, etc. The record in this cause shows that such written consent was executed and filed. It is contended, however, that as against the demurrer for want of sufficient facts each paragraph of the complaint is bad; the first and third because they do not contain an averment that the written consent had been filed, and the second because it does not contain an averment of appellee's infancy. Some of the earlier cases seem to support this contention, but in the later and better considered cases, which we follow, it is held that the want of such averments does not render the complaint bad upon demurrer. *Lancaster* v. *Gould*, 46 Ind. 397; *Lumpkins* v. *Justice*, 1 Ind. 557; *Rowe* v. *Arnold*, 39 Ind. 24; *Greenman* v. *Cohee*, 61 Ind. 201.

The fourth reason assigned for a new trial is the alleged giving of oral instructions, the court having been requested at the proper time to instruct in writing. If oral instructions were in fact given, the judgment must be reversed. We need not cite cases in support of this proposition. Before reading the written instructions, the court made an oral statement to the jury, as follows: "The plaintiff has requested me to give you some instructions which are in writing, and I will read them first, and I read them as the law."

We do not think that this amounts to an instruction, in the sense of the statute or the adjudicated cases. An instruction or charge is defined in Bouvier's Law Dictionary as follows: "The exposition by the court to a petit jury of those principles of the law which the latter are bound to apply in order to render such a verdict as will, in the state of facts proved at the trial to exist, establish the rights of the parties to the suit." "The essential idea of a charge is that it is authoritative as an exposition of the law, which the jury are

bound by their oath and by moral obligations to obey." See, also, Thompson Charging the Jury, 141; Hilliard New Trials, 2d ed., p. 255; *Hasbrouck* v. *City of Milwaukee*, 21 Wis. 217; *Stanley* v. *Sutherland*, 54 Ind. 339; *McCallister* v. *Mount*, 73 Ind. 559.

The oral statement to the jury in this case is not the annunciation of any principle of law, nor is it a direction to them to guide them in arriving at a verdict. It is rather a declaration that the court had not, but was about to instruct them as to the law of the case. The judgment can not, therefore, be reversed because of the giving of an oral instruction. In thus deciding, however, we should not be understood as approving of the course of the court in making the statement to the jury. This habit of announcing to the jury that certain instructions have been asked by the parties is not unusual in the practice, but no satisfactory reason can be given for it, while many good reasons may be urged against it. Why should the jury be informed that certain instructions have been asked by the plaintiff or defendant? It is possible that the jury may give more or less force to the instructions thus asked, as they may have more or less confidence in the ability and fairness of the attorney upon one side or the other, who may have prepared them.

It is possible too, that the force of the instructions may be weakened, because asked by counsel instead of being given by the court of its own motion. If, by such announcement, anything may be added to, or detracted from, the force of the instructions, manifestly it should not be made. It is the duty of the court to instruct the jury, and whatever goes to the jury in the way of instructions, should go as the instructions of the court. If the instructions express the law correctly, they should be given, if not, rejected. Under the practice here disapproved, there might be a case in which this court would feel called upon to reverse the judgment.

Under the seventh reason for a new trial, it is insisted that the court erred in its fourth instruction to the jury. This

instruction is as follows: "The weight which you give the testimony of a witness depends upon the interest which such witness may have in the result of your verdict. You therefore give such effect and force to the testimony of the plaintiff and defendant as you think would be proper in view of what may be at stake to the plaintiff and to the defendant respectively." The jury have the right, in all cases, in weighing and settling conflicts in testimony, to consider the interest which the witnesses may have in the result of the litigation; and it is proper to instruct them that they may exercise that right. It may be that in many cases witnesses unconsciously warp and color their testimony by reason of interest; and it may be that, in many instances, witnesses purposely falsify by reason of such interest; but whether such is the fact, in any given case, is a question of fact to be left to the jury. Surely, the courts can not say, as a matter of law, that because a witness may have an interest in the litigation, less weight should be given to his testimony. In the instruction above set out, the province of the jury is invaded, and they are instructed, in effect, that, as a matter of law, less weight should be given the testimony of the parties, because they are interested in the result of the litigation.

This instruction is not in the exact language, but is, in effect, the same as that in the case of *Nelson* v. *Vorce*, 55 Ind. 455, which was held to be erroneous. See, also, *Greer* v. *State*, 53 Ind. 420; Thompson Charging the Jury, 58, 59.

It is true, that discredit is thrown on the testimony of both plaintiff and defendant, but that, in no way, cures the error. But for this instruction the jury might have given full credit to the testimony of appellant, and rendered a different verdict.

Other instructions state the rule correctly, as to witnesses generally, but this one is not withdrawn, directly or indirectly, nor does any of the others apply specifically to the parties to the action. There is a sharp conflict in the testimony, and we can not say that the error is harmless, because the verdict is right upon the evidence.

For the error in giving the instruction under consideration, the judgment must be reversed. As we have reached this conclusion, it is not necessary for us to consider and decide other questions discussed by counsel.

Judgment reversed, with costs; cause remanded with instructions to sustain appellant's motion for a new trial.

Filed Nov. 26, 1883.