No. 12,386.

## SAMPLE v. THE STATE.

CRIMINAL LAW.—*Affidavit.*—*Immaterial Uncertainty.*—*Practice.*—Overruling a motion to quash an affidavit charging a malicious injury of property, will not authorize the reversal of the judgment, where the only defect is immaterial uncertainty.  Section 1891, R. S. 1881.

SAME.—*Malicious Trespass.*—*Value of Property.*—*Damage.*—In an affidavit for the malicious injury of property, it is only necessary to charge the amount of the damage to the property or its owner.  The value of the property need not be stated.

SAME.—*Written Instructions to Jury.*—*Oral Statement.*—Where the court is requested to instruct the jury in writing, and the defendant asks that certain instructions be given, it is not reversible error, no harm being shown, for the court to state orally to the jury that " defendant's counsel have asked me to give the following instructions."

From the Hancock Circuit Court.

*J. A. New* and *J. W. Jones,* for appellant.

*F. T. Hord,* Attorney General, and *W. B. Hord,* for the State.

MITCHELL, J.—The appellant was prosecuted for maliciously injuring property.  After laying the venue, it is charged in the affidavit that, on a date mentioned, the defendant did " unlawfully and maliciously injure a certain milch cow, the property of Ira Bevil then and there being, and there unlawfully and maliciously running, striking and beating said cow with a whip, stick and club," etc.

The appellant insists that the gravamen of the charge is, that the cow was " unlawfully and maliciously running," etc.  We think, however, that the fair import of the charge is, that the defendant injured the cow, by then and there unlawfully and maliciously running, striking and beating " *said cow,*" etc.

While there is some confusion in the language employed in describing the particular manner in which the injury was inflicted, it is certain that it is sufficiently charged that the

defendant did unlawfully and maliciously injure a certain milch cow, the property of the prosecuting witness, and that the injury was inflicted by striking and beating the cow in the manner described.

Under a statute which requires this court to disregard mere technical errors and defects which do not prejudice the substantial rights of the defendant, we should not feel authorized to reverse the ruling of the court in refusing to quash the affidavit for the supposed uncertainty alluded to. Section 1891, R. S. 1881.

It is also made a ground of objection that the value of the property injured is not stated in the affidavit. We think it is only necessary to charge the amount of the damage done to the property or its owner in consequence of the injury to it. State v. Sparks, 60 Ind. 298; State v. Pitzer, 62 Ind. 362. The point was made and decided adversely to the appellant in the case of Kinsman v. State, 77 Ind. 132.

At the proper time counsel for the appellant requested that the court should instruct the jury in writing. Certain written instructions were also presented to the court with the request that they be given to the jury. The instructions so asked by the defendant were given, the court prefacing the reading of them to the jury with the following oral statement: "Gentlemen, defendant's counsel have asked me to give the following instructions." This oral statement was excepted to, and it is now insisted that the judgment ought to be reversed because the court made it. The making of such statements—doubtless through inadvertence—is a practice not to be commended. The habit was commented upon and disapproved in Dodd v. Moore, 91 Ind. 522. To what was there said nothing need be added, except to say that in a doubtful case such a suggestion might require a reversal of the judgment.

As the oral statement was not, and did not purport to be, any part of the charge of the court to the jury, it did not

violate the rule which requires the court to instruct in writing when so requested, and in the absence of anything to indicate that the verdict was not well supported by the evidence, or that the appellant was possibly prejudiced by the remark, it can not be made ground for reversal.

The judgment is affirmed, with costs.

Filed Dec. 30, 1885.