BERNARD SANDERS *v.* STATE OF INDIANA.

[No. 276S43. Filed June 18, 1976.]

*George T. Popcheff,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Charles M. Russell,* Deputy Attorney, for appellee.

HUNTER, J.—Appellant Bernard Lee Sanders appeals his conviction for kidnapping, rape and robbery. He was indicted and tried by jury. He was sentenced to life imprisonment for kidnapping, two years for rape and ten to twenty-five years for robbery.

## I.

The first issue presented is whether the verdict is supported by sufficient evidence. The evidence most favorable to the state and the reasonable inferences therefrom reveal that appellant forced his way at gunpoint into a vehicle parked at an Indianapolis shopping center. Appellant then taped the arms and mouth of the driver, and took her purse. After examining the purse, appellant was convinced by an accomplice to drive the vehicle away from the shopping center. During the drive, the accomplice threw the victim into the back seat, cut away her clothing and began to fondle her. When the vehicle stopped, appellant got out of the car and went into a house, while his accomplice remained in the car with the victim. Appellant returned to the car and told the accomplice that "the house was o.k.," whereupon the victim was taken inside and raped by the accomplice. While the victim was being raped, appellant was walking about conversing with the accomplice. After the rape, appellant helped the victim get her clothing on, retied her, and told her she could leave after fifteen minutes if she could free herself. The evidence also indicated that approximately two hundred dollars was missing from the victim's purse.

This evidence is clearly sufficient to support the verdict of guilty on the robbery and kidnapping charges, and we so hold. A more serious question arises with regard to the sufficiency of the evidence to sustain the rape conviction. The evidence unmistakably shows that appellant was not the principal in the rape; the legality of his conviction rests upon the sufficiency of the evidence of his accessoryship.

In *Pace* v. *State*, (1966) 248 Ind. 146, 148-49, 224 N.E.2d 312, 313-14, we stated:

"The main question presented in the facts at bar is what evidence beyond the mere presence of a person at the scene of a crime is sufficient to sustain a connection as an accessory before the fact? This court has previously stated that negative acquiescence is not enough to constitute a person guilty of aiding and abetting

the commission of a crime. *Mattingly* v. *State*, (1952) 230 Ind. 431, 104 N.E.2d 721. Consequently, this court has always looked for affirmative conduct either in the form of acts or words from which reasonable inferences of a common design or purpose to effect the commission of a crime might be drawn. See *Sage* v. *State*, (1890) 127 Ind. 15, 30, 26 N.E. 667; *Peats* v. *State*, (1938) 213 Ind. 560, 574, 12 N.E.2d 270. However, it has been further stated by this court in *Mobley* v. *State*, (1949) 227 Ind. 335, 343, 85 N.E.2d 489:

> " '. . . in the absence of anything in his conduct showing a design to encourage, incite, aid, abet or assist in the crime, the trier of the facts may consider failure of such person to oppose the commission of the crime in connection with other circumstances and conclude therefrom that he assented to the commission of the crime, lent his countenance and approval thereto and thereby aided and abetted it . . .'

"It should be noted that the court in *Mobley*, *supra*, in stating that a failure to oppose the commission of a crime may be considered as aiding and abetting, impliedly qualified this statement wherein the Court stated at p. 343:

> " 'This, it seems to us, is particularly true when the person who fails to interfere owes a duty to protect as a parent owes to a child.'

"In other cases relying on *Mobley*, *supra*, there has normally been some course of conduct of an affirmative nature to connect the defendant with the crime. See *Cotton* v. *State*, (1965) 247 Ind. 56, 211 N.E.2d 158 (principal not abetting)."

The evidence contained in the record discloses more than negative acquiescence on appellant's part. It discloses that appellant agreed to drive the car away after the robbery and continued driving the vehicle while his accomplice was forcefully fondling the victim in the back seat. It discloses that appellant went inside the house to check on its suitability for the rape, reported that it was o.k., and that appellant remained in voice contact with the accomplice while the accomplice was raping the victim. These actions represent affirmative conduct from which the jury could reasonably find appellant guilty of rape as an accessory.

## II.

The second issue is whether the trial court erred in allowing a police officer to relate inculpatory statements made by the accused during custodial interrogation. The officer testified that appellant was advised of his rights and then executed a waiver. When the officer began to relate his conversation with the appellant, defense counsel objected to the admission of such testimony because the written waiver had not been offered into evidence. The trial court overruled the objection and appellant assigns such action as error. Under the facts of this case, we find appellant's reliance upon the best evidence rule to be misplaced. As McCormick notes:

> "That purpose [of the best evidence/original writing rules] is to secure the most reliable information as to the contents of documents, when those terms are disputed. A mystical ideal of seeking 'the best evidence' or the 'original document,' as an end in itself is no longer the goal. Consequently when an attack is made, on motion for new trial or on appeal, upon the judge's admission of secondary evidence, it seems that the reviewing tribunal, should ordinarily make inquiry of the complaining counsel, 'Does the party whom you represent actually dispute the accuracy of the evidence received as to the material terms of the writing?' If the counsel cannot assure the court that such a good faith dispute exists, it seems clear that any departure from the regulations in respect to secondary evidence must be classed as harmless error." McCORMICK ON EVIDENCE § 243 (2d ed. 1972).

Appellant made no pre-trial motion to suppress his confession on the ground that it was the product of an invalid or defective waiver, nor did he object at trial, and even at this level he does not assert that his confession was involuntarily given. The specific language of the written waiver was not critical to the admissibility of appellant's confession, and the court did not err in overruling appellant's objection.

### III.

Appellant urges that the trial court committed reversible error in permitting the jury to take the final instructions and exhibits with them to the jury room. Appellant is correct that the trial court contravened the prevailing practice in both instances. *Snelling* v. *State*, (1975) Ind. App., 325 N.E.2d 227 (instructions); *Eden* v. *Lingenfelter*, (1872) 39 Ind. 19 (real evidence). Nevertheless, we do not believe that these errors, separately or together, are of sufficient magnitude to warrant reversal in this otherwise properly tried case.

Finding no reversible error, the judgment is affirmed.

Givan, C.J., Arterburn, DeBruler and Prentice, JJ., concur.

NOTE.—Reported at 348 N.E.2d 642.