**Tony Monroe LEWIS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 781S201.**

Supreme Court of Indiana.

July 31, 1981.

Rehearing Denied October 6, 1981.

M. Anne Wilcox, Ralph Ogden, John W. DuMond, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Frank A. Baldwin, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

This cause comes to us on the State's petition to Transfer from the Fourth District Court of Appeals. Defendant-Appellant Tony Monroe Lewis was convicted of burglary and theft in Marion Criminal Court. One of the issues raised on appeal was the giving by the trial court of a supplemental "Allen charge" to the jury after the jury had indicated they were having difficulty arriving at a verdict. The Court of Appeals found that giving this charge constituted reversible error, in that it violated Lewis' right to a fair and impartial trial by jury as guaranteed by the Sixth Amendment to the United States Constitution. *Lewis v. State*, (1980) Ind.App., 409 N.E.2d 1276. The propriety of a trial court giving the "Allen" type charge has been an issue that has continued to frustrate the trial and appellate courts of this State, as well as those of the federal and state courts of all other jurisdictions. For this reason and in view of the State's claim that an apparent conflict exists between the *Lewis* decision and a prior decision of the Court of Appeals, First District, in *Guffey v. State*, (1979) Ind.App., 386 N.E.2d 692, we feel obligated to write on this subject. Accordingly, we grant transfer and vacate the opinion of the Court of Appeals.

I.

The "Allen charge," a designation given to a supplemental charge given by a trial judge to an apparently deadlocked jury, is named after the first major case which considered such a charge, *Allen v. United States*, (1896) 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528. Although the content of these instructions has varied throughout the years from the substance of the instruction considered in *Allen v. United States*, they are still referred to generally as the "Allen charge." Significantly, Lewis has cited us no case, including the *Allen* case itself, in which a court has found that the language used in the typical "Allen charge" constituted a *per se* violation of the defendant's Sixth Amendment rights.

The question involved is whether the trial judge abused his discretion by unduly commenting on, or giving emphasis to, certain matters of evidence by mandating a jury to act and deliberate in a certain manner or by intimidating the minority jurors into voting with the majority in order to reach a conclusion of the case, even though they might feel inclined to decide the case otherwise.

An instruction identical to the charge given in the case before us was considered by the First District Court of Appeals in *Guffey v. State*, (1979) Ind.App., 386 N.E.2d 692. Although the Court of Appeals in the *Guffey* case cautioned trial judges as to the use of certain portions of the instruction, the Court further found that the giving of the instruction was not reversible error.

The *Guffey* court noted that courts and commentators have found the greatest potential harm in "Allen" type instructions was that they contain an appeal to the jurors holding the minority position to reconsider their viewpoint in light of the majority's stance. The Court of Appeals, in *Guffey*, recognized that such an appeal was not included in the instruction in question there. Likewise, no such appeal is contained in the instruction we examine here. The *Guffey* court further found that the language had been refined to the extent that the evils found in the original "Allen" charge were not found in the charge in question there:

"The instruction at issue does contain elements not found in the original Allen charge and we must therefore carefully examine them. The original Allen charge, as paraphrased, stated that it was the jury's 'duty to decide the case if they

could conscientiously do so.' This language has, on occasion, been turned into a mandate by trial court judges to the jury to decide the case or has led to language that the case must be decided sometime. These embellishments have been criticized as inaccurate; the case does not have to be decided or retried. The case can end in a hung jury and the prosecutor can decline to retry the case. The language used here—that the case must be 'disposed of sometime'—has been approved, but the trial court here added, 'Another trial would be a heavy burden on both sides.' This implication of another trial does not, in our view, rise to the level of a mandate to decide or a statement that the case *will* be retried and thus is not a misstatement of the law.

The second paragraph of the instruction dangerously approaches commenting on the evidence and the conduct of the trial and we do not recommend its use. It is, however, of such a general nature that we conclude it is not reversible error. We note that in *United States v. Brown* (7th Cir. 1969), 411 F.2d 930, the court found such a statement in an Allen charge did not violate sixth amendment constitutional rights."

*Guffey v. State*, (1979) Ind.App., 386 N.E.2d 692 at 697–98.

The second paragraph of the instruction read as follows:

"There is no reason to believe that the case can be tried again any better or more exhaustively than it has been. There is no reason to believe that more evidence or clearer evidence would be produced on behalf of either side."

*Guffey, supra*, Ind.App., 386 N.E.2d 692, 695.

 We agree with the Court of Appeals that even though the second paragraph of the instruction is of a general nature, it still dangerously approaches commenting on the evidence and the conduct of the trial. A trial judge, of necessity, must have some flexibility in his discretionary authority and responsibility to preside over the trial. However, that discretion must be exercised in such a manner that he does not step over the bounds that limit him in the proper conduct of a trial. He must refrain from imposing himself and his opinions on the jury. *Brannum v. State*, (1977) Ind., 366 N.E.2d 1180; *Kennedy v. State*, (1972) 258 Ind. 211, 280 N.E.2d 611.

In *Cameron v. State*, (1979) Ind., 383 N.E.2d 1039, 1041, which involved a consideration by this court of a trial judge's lengthy dialogue with a jury concerning an insanity instruction this court stated:

"The law is clear that final instructions are not to be orally qualified, modified, or in any manner orally explained to the jury by the trial judge. Ind.Code § 35–1–35–1 (Burns 1975). Instructions given to the jury should be considered and construed as an entirety. *Bowers v. State*, (1925) 196 Ind. 4, 146 N.E. 818. Thus, by calling back the jury during deliberations, and emphasizing a particular instruction or a particular aspect of the case, the trial court commits reversible error. *See Brannum v. State*, (1977) Ind., 366 N.E.2d 1180, 184–85, *and cases cited therein*."

Attempts to revise and construct an "Allen"-type charge that would give the hoped-for aid to the jury and yet not make the cure worse than the disease by improperly influencing the jury, have created problems through the years in all jurisdictions. The Court of Appeals here, in *Lewis* followed many jurisdictions in this country in directing that when a trial judge faces an apparently deadlocked jury it follow the procedure set forth in *United States v. Silvern* (7th Cir. 1973) 484 F.2d 879. That procedure limited the giving of any supplemental instruction to an instruction based on the American Bar Association Standards for Criminal Justice and emphasized that this instruction be given as a supplementary instruction only if it had been given prior to the time the jury retired.

 The American Bar Association Standard is:

"(a) Before the jury retires for deliberation, the court may give an instruction which informs the jury:

(i) that in order to return a verdict, each juror must agree thereto;

(ii) that jurors have a duty to consult with one another and to deliberate with a view to reaching an agreement, if it can be done without violence to individual judgment;

(iii) that each juror must decide the case for himself or herself but only after an impartial consideration of the evidence with the other jurors;

(iv) that in the course of deliberations, a juror should not hesitate to reexamine his or her own views and change an opinion if the juror is convinced it is erroneous; and

(v) that no juror should surrender his or her honest conviction as to the weight or effect of the evidence solely because of the opinion of other jurors, or for the mere purpose of returning a verdict.

(b) If it appears to the court that the jury has been unable to agree, the court may require the jury to continue their deliberations and may give or repeat an instruction as provided in paragraph (a). The court shall not require or threaten to require the jury to deliberate for an unreasonable length of time or for unreasonable intervals.

(c) The jury may be discharged without having agreed upon a verdict if it appears that there is no reasonable probability of agreement."

*American Bar Ass'n Project on Minimum Standards for Criminal Justice, Stds. Relating to Trial By Jury* § 5.4 at 145–46, (1969 Edition). (Standard 15–4.4 at 133, 1980 Edition).

The American Bar Association Standards further suggest Instruction 8.11 of Jury Instructions and Forms for Federal Criminal Cases, 27 F.R.D. 39, 97–98 (1961) as a charge that is consistent with these standards. That instruction reads as follows:

"The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

You are not partisans. You are judges—judges of the facts. Your sole interest is to ascertain the truth from the evidence in the case."

We recognize that the above language is an instruction on jury deliberations commonly used in Indiana courts as a final instruction. It is a sound instruction informing the jury of their duties and the manner in which they are to deliberate and arrive at a verdict. We recommend that this instruction be given to the jury in all trials.

█ It appears to us, however, that the procedure of paragraph (b) of the above Standard in allowing the court to separate this instruction or parts of it from the other instructions and to re-give it to the jury after deliberations recreates the problem of the "Allen" charge situation all over again in a different form. A better solution is the employment of the accepted procedure which has been used effectively to respond to any type of problem occasioned by a jury during its deliberations. The proper procedure is for the court to call the jury back into open court in the presence of all of the parties and their counsel, if they desire to be there, and to reread all instructions given to them prior to their deliberations, without emphasis on any of them and without further comment. This procedure will give the jury the aid necessary for them to continue their deliberations without compounding potential problems as the giving of an Allen-type instruction has done.

Because this cause was reversed and remanded for a new trial by the Court of Appeals on this issue, it did not dispose of the other issues raised by Lewis. We grant transfer and remand this cause for a new trial; however, we shall also dispose of some of the other issues raised by Lewis on appeal which may arise upon retrial.

## II.

Appellant claims the trial court erred in denying motions for continuance made four days before the trial began, and again after the jury was sworn, on the ground of absence of a material witness. This case was originally set for trial on April 9, 1979, but continued, at defendant's request filed on March 27, due to a schedule conflict facing trial counsel. On April 18, 1979, Lewis was granted another continuance on the same ground. On May 19, 1979, defendant failed to appear for trial and was ordered arrested by the court. Lewis later surrendered, and the cause was again set for trial on August 6, 1979.

On August 7, Lewis moved for a continuance on the ground that Curtis McElwain was in the hospital and was expected to be a patient there for approximately two weeks. Curtis McElwain had been a co-defendant with Lewis; however, charges against him had been dropped. Appellant contended McElwain would corroborate certain testimony given by him concerning his precise location at the time of his arrest. This evidence would have conflicted with evidence given by police officers testifying for the State. The court denied Lewis' motion for continuance, and appellant renewed the motion after the jury was sworn. This motion was also denied.

The record shows that Lewis failed to comply with requirements of Ind. R.Tr.P. 53.4 and Ind.Code § 35-1-26-1 (Burns 1979 Repl.), in that he failed to support his motion with an affidavit setting out: the materiality of the evidence expected from the absent witness; the reason for the witness' absence; the witness' identity and address; a showing that the absence of the witness was in no way his fault; and

that he had not acted or connived with any party to prevent the witness from being present. Further, the above rule and statutory provision require that if a witness is to be absent because of illness, then a physician must testify to that fact in open court or present an affidavit to that effect. Appellant Lewis met none of these requirements in this case. Since appellant had not shown that he was not at fault in failing to file an affidavit, the trial court's rulings on his motions for continuance were discretionary and would be reversed by the reviewing court only when there was an abuse of discretion. *Lock v. State,* (1980) Ind., 403 N.E.2d 1360, 1369; *Vaughn v. State,* (1978) 269 Ind. 142, 152, 378 N.E.2d 859, 865. No such showing is apparent here, and we accordingly find no error on this issue.

## III.

Appellant's final argument is that the court erred in entering judgment against him for class B burglary. Under Ind.Code § 35-43-2-1 (Burns 1979 Repl.), burglary is a class C felony unless the structure on which the offense is committed is a dwelling. The charging information in this case alleged that the burglary was committed on the dwelling of Bobbie McCray. The evidence fully demonstrated that the burglary was, in fact, committed on the dwelling of Bobbie McCray, and that the building in question was one of human habitation. In preliminary and final instruction number two, the court read the burglary statute to the jury, including the provision pertaining to class B burglary. The court then recited the elements of the offense which must be proved. Lewis now contends that in listing the elements, the court did not recite that the State must have proved in this case that the structure burglarized was a dwelling. When the jury returned its verdict finding the defendant guilty of burglary, it did not fill in the blank stating the class of felony provided in the prepared forms. In entering judgment, the trial court found Lewis guilty of a class B felony and sentenced him accordingly. *See* Ind.Code § 35-50-2-5 (Burns 1979 Repl.). At no point during the

proceedings did trial counsel raise any objection to the instruction or to the entry of judgment and the imposition of sentence for a class B felony. He raises the issue for the first time on appeal, claiming the question involves fundamental error.

■■ Because appellant·failed to object to the instruction and to the judgment and sentence of the court, and further failed to raise the issue in his motion to correct error, he has waived the issue and cannot raise it for the first time on appeal. *Loch v. State,* (1980) Ind., 403 N.E.2d 1360, 1367; *Murphy v. State,* (1977) 267 Ind. 184, 187, 369 N.E.2d 411, 413. Further, the record shows that the defendant was charged with breaking and entering into a dwelling house, the evidence amply showed this to be the case, and the jury was instructed by the court that the breaking and entering into a dwelling house, a place of human habitation, is a class B felony. When the jury returned the verdict of guilty of burglary, the court was justified in entering judgment and sentencing the defendant as a class B felony, even though the jury did not designate that it was a class B felony. The class designation affects the range of penalty which is set by the court. Based on the charge, the evidence, the instructions and the verdict of the jury, the court was justified in entering judgment as it did, particularly since no question was raised at any stage prior to appeal.

Appellee's petition to transfer is granted. The opinion of the Court of Appeals is vacated. This cause is remanded for a new trial.

GIVAN, C. J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.