Timothy Wayne CORNETT, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 580S150.

Supreme Court of Indiana.

June 3, 1982.

Lowell E. Enslen, William T. Enslen, Hammond, for appellant.

Linley E. Pearson, Atty. Gen., Frank A. Baldwin, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of Rape, Ind.Code § 35-42-4-1 (Burns 1979), and sentenced to eleven (11) years imprisonment. We reverse.

After deliberations had commenced, the jury foreman, through the Bailiff, requested the trial court's Final Instructions. Over Defendant's timely objection and request that the instructions should be reread, the trial court sent the instructions to the jury-room for use during the remainder of deliberations. As an appendix to this opinion we have attached the photocopies of eight (8) of the twenty-six (26) Final Instructions in order to illustrate the written forms in which they appeared to the jury.

Final Instructions 1 and 2 contain a heading and the verbatim instruction. Instructions 1-4 and 23-26 follow this pattern.

Several preliminary instructions were renumbered and given as Final Instructions 14-18. Final Instruction 15 follows this pattern.

Final Instructions 6-10, 12, 19, and 20 appear in the form similar to Final Instruction 6. Each contains a heading, "Defendant's Instruction No. _____," the file stamp of the trial court, the signature of the trial judge, and the labels, "Given: ", "Refused: ", and "Given as Modified: " with a check next to "Given: ." From these documents the jury learned the source of several instructions and gained the opportunity to speculate about the order in which Defendant wanted his instructions read. The jurors may also have speculated about which of "Defendant's Instruction No. _____" the trial court had omitted and why they were omitted.

The remaining Final Instructions, 11, 13, 21 and 22 are reproduced in the appendix. With the exception of No. 22 they follow

the same pattern described above except that the check mark appears next to "Given as Modified: " and a portion of the text of the instruction bears a mark. Instruction 22 is unique in that it is footnoted. While the record shows, "Court gives final instructions to the jury as follows, to-wit: Instructions numbered 1 through 26 inclusive;" we cannot be certain that the trial court actually read these footnotes to the jury. The record does not contain the remainder of footnote 2 or all of footnote 3.

■ In Indiana the accepted practice is not to allow the jurors to take the written instructions with them into the juryroom. *Mullins v. Bunch*, (1981) Ind., 425 N.E.2d 164, 166; *Purdy v. State*, (1977) 267 Ind. 282, 288, 369 N.E.2d 633, 636; *Ballard v. State*, (1974) 262 Ind. 482, 497, 318 N.E.2d 798, 807; *Martin v. State*, (1973) 260 Ind. 490, 495–96, 296 N.E.2d 793, 797. Where the instructions were read in open court in the presence of the defendant and his attorney, we have found a violation of the above rule to be harmless error. *Rock v. State*, (1981) Ind., 426 N.E.2d 1320, 1322; *Wofford v. State*, (1979) Ind., 394 N.E.2d 100, 106; *Morris v. State*, (1979) Ind., 384 N.E.2d 1022, 1024; *Inman v. State*, (1978) Ind., 383 N.E.2d 820, 824, *cert. denied*, (1979) 444 U.S. 855, 100 S.Ct. 114, 62 L.Ed.2d 74; *Jameison v. State*, (1978) 268 Ind. 599, 602, 377 N.E.2d 404, 406; *Sanders v. State*, (1976) 264 Ind. 688, 692, 348 N.E.2d 642, 644.

■ The State submits that since the Final Instructions were read in open court in the presence of Defendant and his counsel, any error in sending the instructions to the jury room must be deemed harmless. This proffered syllogism overlooks a key distinction between the case at bar and the above cited cases where we found harmless error. In the case at bar the instructions were sent, not along with the jurors as they moved from the courtroom to the juryroom, but after deliberations had commenced and at the request of the jury foreman. In a line of decisions beginning with *Lewis v. State*, (1981) Ind., 424 N.E.2d 107, we have stated the procedure to follow in responding to *any type of problem* occasioned by inquiry from the jurors during deliberations:

"The proper procedure is for the court to call the jury back into open court in the presence of all of the parties and their counsel, if they desire to be there, and to reread all instructions given to them prior to their deliberations, without emphasis on any of them and without further comment." *Id.* at 111.

*Lewis* confronted the potential problems which inhere in the giving of an *"Allen"* charge. Subsequently, we have applied the rule of *Lewis* in order to preclude the trial court from giving any special emphasis, inadvertent or otherwise, to a particular issue in the case through the giving of additional instructions. *Crowdus v. State*, (1982) Ind., 431 N.E.2d 796; *Wallace v. State*, (1981) Ind., 426 N.E.2d 34, 36; *Jenkins v. State*, (1981) Ind., 424 N.E.2d 1002.

■ The trial court's failure to heed Defendant's request to respond to the foreman's inquiry by rereading the Final Instructions violates our ruling in *Lewis* and its progeny. The trial court compounded its omission by giving the jury written instructions unpurged of information that might have caused the jurors to speculate upon the relative importance of any particular instruction. *Compare Rock v. State, supra.* The jurors may have attached significance to the instructions labeled "Defendant's Instruction No. ____." *Sample v. State*, (1885) 104 Ind. 289, 290, 4 N.E. 40; *Dodd v. Moore*, (1885) 91 Ind. 522, 524. The jurors may have wondered about the black marks which appear on Instructions 11, 13 and 21—who made them?; why were they made?; does the judge want us to read this instruction more carefully than the unmarked ones?

The possible permutations are endless. Final Instruction 22, an annotated instruction, invites further opportunities for the jurors to draw irrelevant and prejudicial inferences about the law or the evidence, which the trial court may not have intended to convey. However inadvertent or unintentional, the trial court's sending the final

instructions to the jury, in the form which the record discloses, and after deliberations had commenced, amounted to a qualification of or addition to those instructions just as surely as if it had given an additional instruction or qualified an instruction already given with an additional instruction. By its action the trial court placed a gloss upon the instructions that they did not contain when they were read to the jurors and thereby created the same potential for prejudice to the defense, which *Lewis* and its progeny seek to prevent.

The judgment of the trial court is reversed and the case is remanded for a new trial.

## APPENDIX

General Instruction 3.15

In deciding this case you must determine the facts from a consideration of all the evidence in light of the law as contained in these instructions. All the law in the case is not embodied in any single instruction. Therefore, you must consider these instructions as a whole and construe them in harmony with each other.

FILED
IN OPEN COURT
NOV 28 1979

JUDGE PORTER SUPERIOR COURT

Final Jury Instruction No. 1

Preliminary Instruction 1.15

If there are conflicts in the evidence, it is your duty to reconcile the conflicts, if you can, on the theory that each witness has testified to the truth. If you cannot so reconcile the testimony, then it is within your province to determine whom you will believe and whom you will disbelieve.

(You should weigh the evidence and give credit to the testimony in light of your own experience and observations in the ordinary affairs of life.)

FILED
IN OPEN COURT

NOV 28 1979

*Bruce K. Boyer*
JUDGE PORTER SUPERIOR COURT

*Bruce W. Douglas*

Final Jury Instruction No. 2

DEFENDANT'S INSTRUCTION NO. 8
(Jury Right to Determine Law)

Under the constitution of the State of Indiana you are given the right to determine both the law and the fact of the case. It is your duty to administer the law in this case as you actually find it to be and you are not at liberty to set aside the law and disregard it for any reason. If you have no well-defined opinion as to what the law is, then it is your duty to give the instructions of the court your respectful consideration in determining what the law is.

LOWELL E. ENSLEN, WILLIAM T. ENSLEN
Attorneys for Defendant
53 Muenich Court
Hammond, Indiana 46320
(219) 931 1700

F I L E D
IN OPEN COURT

NOV 2 0 1979

*Bruce V. Douglas*
JUDGE PORTER SUPERIOR COURT

Given: ✓

Refused: _____

Given as
Modified: _____

JUN 2 0 1980

*Bruce V. Douglas*

Final Jury Instruction No. 6

**770** 

DEFENDANT'S INSTRUCTION NO. _2_
 (Alibi)

Evidence has been introduced tending to establish an alibi, which amounts to a contention that the defendant was not present at the time when or at the place where he is alleged to have committe[d] the offense charged in the indictment.

If, after consideration of all the evidence in the case, you have a reasonable doubt as to whether the defendant was present at the time and place the alleged offense was committed, you must acquit him.

The jury will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

LOWELL E. ENSLEN/WILLIAM T. ENSLEN
Attorneys for Defendant
53 Muenich Court
Hammond, Indiana 46320
(219)931-1950

F I L E D
IN OPEN COURT

NOV 2 0 1979

*Bruce N. Douglas*
JUDGE PORTER SUPERIOR COURT

*Bruce N. Douglas*

Given: _____
Refused: _____
Given as
Modified: _____

Final Jury Instruction No. 11

DEFENDANT'S INSTRUCTION NO. _____4_____
(Character Evidence -- Reputation of Defendant)

Where a defendant has offered evidence of good general reputation for truth and veracity, or honesty and integrity, or as a law-abiding citizen, the jury should consider such evidence along with all other evidence in the case.

Evidence that a defendant's reputation for truth and veracity, or honesty and integrity or as a law-abiding citizen, has not been discussed; or that those traits of the defendant's character have not been questioned, may be sufficient to warrant an inference of good reputation as to those traits of character.

Evidence of a defendant's reputation inconsistent with those traits or character ordinarily involved in the commission of the crime charged may give rise to a reasonable doubt, since the jury may think it improbable that a person of good character and respect to those traits would commit such a crime.

The jury will always bear in mind that the law never imposes upos a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

FILED
IN OPEN COURT

NOV 2 0 1979

*Bruce V Douglas*
JUDGE PORTER SUPERIOR COURT

LOWELL E. ENSLEN/WILLIAM T. ENSLEN
Attorneys for Defendant
53 Muenich Court
Hammond, Indiana 46320
(219)931-1700

Jun 2 0 1980

Given: _____

Refused: _____

Given as
Modified: _____

Final Jury Instruction No. 13

772

In a criminal case the law presumes that the defendant is innocent of any crime and this presumption is overcome only by proof of guilt beyond a reasonable doubt The defendant enters upon the trial with this presumption in his favor and such presumption goes with him step by step throughout the trial. It is your duty to weigh the evidence in the light of this presumption, and to view the evidence from the standpoint of the defendant's innocence, and to reconcile all the evidence with this presumption of innocence if you can.

FILED
IN OPEN COURT
NOV 26 1979
JUDGE PORTER SUPERIOR COURT

FILED
IN OPEN COURT
NOV 23 1979
JUDGE PORTER SUPERIOR COURT

Final Jury Instruction No. 15

CTS

INSTRUCTION NO. _____2_____

There is nothing ~~peculiarly~~ different in the way a jury should consider the evidence in a criminal case, from that in which all reasonable persons treat any question depending upon evidence presented to them. You are expected to use your good sense; consider the evidence in the case for only those purposes for which it has been admitted, and give it a reasonable and fair construction, in the light of your common knowledge of the natural tendencies and inclinations of human beings.

~~If the accused be proved guilty, say so. If not proved guilty, say so.~~

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything but the evidence in the case.

Remember also that the question before you can never be: will the state win or lose the case? The state always wins when justice is done, regardless of whether the verdict be guilty or not guilty.

FILED
IN OPEN COURT

NOV 2 0 1979

*Bruce V. Bugbee*
JUDGE PORTER SUPERIOR COURT

Final Jury Instruction No 21

774

## 2.001. EVIDENCE TO BE CONSIDERED AS A WHOLE. INCIDENTAL FACTS NEED NOT BE PROVED.[1]

While it is necessary that every essential element of the crime charged against the accused should be proved by the evidence beyond a reasonable doubt, this does not mean that all incidental or subsidiary facts should be proved beyond a reasonable doubt. Evidence is not to be considered in fragmentary parts and as though each fact or circumstance stood apart from the others, but the entire evidence is to be considered[2] and the weight of the testimony is to be determined from the whole body of the evidence. A circumstance considered apart from other evidence may be weak, if not improbable, but when viewed in connection with surrounding facts and circumstances, it may be so well supported as to remove all doubt as to its existence. Acts considered apart from other evidence may appear innocent, but when considered with other evidence may import guilt.[3]

FILED
IN OPEN COURT

NOV 2 ? 1979

*Bruce V. Douglas*
JUDGE PORTER CIRCUIT COURT

---

1. This instruction is a combination of an instruction quoted with approval in Baker v. State, 298 N.E.2d 445, 449 (Ind. 1973), and an instruction quoted with approval in Slaughter v. State, 209 Ind. 658, 666, 199 N.E.244, 247 (1936).

2. This portion of the instruction is taken from the instruction quoted in Baker v. State, supra. The instruction quoted in the Baker case is as follows:
 While it is necessary that every essential element of the crime charged against the accused should be proved by the evidence beyond a reasonble doubt, this does not mean that all incidental or subsidiary facts should be proved beyond

*Bruce V. Douglas*

Final Jury Instruction No. 22