436 N.E.2d 765 (1982)
Timothy Wayne CORNETT, Appellant (Defendant below),
v.
STATE of Indiana, Appellee (Plaintiff below).
No. 580S150.
Supreme Court of Indiana.
June 3, 1982.
Lowell E. Enslen, William T. Enslen, Hammond, for appellant.
Linley E. Pearson, Atty. Gen., Frank A. Baldwin, Deputy Atty. Gen., Indianapolis, for appellee.
PRENTICE, Justice.
Defendant (Appellant) was convicted of Rape, Ind. Code § 35-42-4-1 (Burns 1979), and sentenced to eleven (11) years imprisonment. We reverse.
After deliberations had commenced, the jury foreman, through the Bailiff, requested the trial court's Final Instructions. Over Defendant's timely objection and request that the instructions should be reread, the trial court sent the instructions to the juryroom for use during the remainder of deliberations. As an appendix to this opinion we have attached the photocopies of eight (8) of the twenty-six (26) Final Instructions in order to illustrate the written forms in which they appeared to the jury.
Final Instructions 1 and 2 contain a heading and the verbatim instruction. Instructions 1-4 and 23-26 follow this pattern.
Several preliminary instructions were renumbered and given as Final Instructions 14-18. Final Instruction 15 follows this pattern.
Final Instructions 6-10, 12, 19, and 20 appear in the form similar to Final Instruction 6. Each contains a heading, "Defendant's Instruction No. ____," the file stamp of the trial court, the signature of the trial judge, and the labels, "Given:", "Refused:", and "Given as Modified:" with a check next to "Given:." From these documents the jury learned the source of several instructions and gained the opportunity to speculate about the order in which Defendant wanted his instructions read. The jurors may also have speculated about which of "Defendant's Instruction No. ____" the trial court had omitted and why they were omitted.
The remaining Final Instructions, 11, 13, 21 and 22 are reproduced in the appendix. With the exception of No. 22 they follow *766 the same pattern described above except that the check mark appears next to "Given as Modified:" and a portion of the text of the instruction bears a mark. Instruction 22 is unique in that it is footnoted. While the record shows, "Court gives final instructions to the jury as follows, to-wit: Instructions numbered 1 through 26 inclusive;" we cannot be certain that the trial court actually read these footnotes to the jury. The record does not contain the remainder of footnote 2 or all of footnote 3.
In Indiana the accepted practice is not to allow the jurors to take the written instructions with them into the juryroom. Mullins v. Bunch, (1981) Ind., 425 N.E.2d 164, 166; Purdy v. State, (1977) 267 Ind. 282, 288, 369 N.E.2d 633, 636; Ballard v. State, (1974) 262 Ind. 482, 497, 318 N.E.2d 798, 807; Martin v. State, (1973) 260 Ind. 490, 495-96, 296 N.E.2d 793, 797. Where the instructions were read in open court in the presence of the defendant and his attorney, we have found a violation of the above rule to be harmless error. Rock v. State, (1981) Ind., 426 N.E.2d 1320, 1322; Wofford v. State, (1979) Ind., 394 N.E.2d 100, 106; Morris v. State, (1979) Ind., 384 N.E.2d 1022, 1024; Inman v. State, (1978) Ind., 383 N.E.2d 820, 824, cert. denied, (1979) 444 U.S. 855, 100 S.Ct. 114, 62 L.Ed.2d 74; Jameison v. State, (1978) 268 Ind. 599, 602, 377 N.E.2d 404, 406; Sanders v. State, (1976) 264 Ind. 688, 692, 348 N.E.2d 642, 644.
The State submits that since the Final Instructions were read in open court in the presence of Defendant and his counsel, any error in sending the instructions to the jury room must be deemed harmless. This proffered syllogism overlooks a key distinction between the case at bar and the above cited cases where we found harmless error. In the case at bar the instructions were sent, not along with the jurors as they moved from the courtroom to the juryroom, but after deliberations had commenced and at the request of the jury foreman. In a line of decisions beginning with Lewis v. State, (1981) Ind., 424 N.E.2d 107, we have stated the procedure to follow in responding to any type of problem occasioned by inquiry from the jurors during deliberations:
"The proper procedure is for the court to call the jury back into open court in the presence of all of the parties and their counsel, if they desire to be there, and to reread all instructions given to them prior to their deliberations, without emphasis on any of them and without further comment." Id. at 111.
Lewis confronted the potential problems which inhere in the giving of an "Allen" charge. Subsequently, we have applied the rule of Lewis in order to preclude the trial court from giving any special emphasis, inadvertent or otherwise, to a particular issue in the case through the giving of additional instructions. Crowdus v. State, (1982) Ind., 431 N.E.2d 796; Wallace v. State, (1981) Ind., 426 N.E.2d 34, 36; Jenkins v. State, (1981) Ind., 424 N.E.2d 1002.
The trial court's failure to heed Defendant's request to respond to the foreman's inquiry by rereading the Final Instructions violates our ruling in Lewis and its progeny. The trial court compounded its omission by giving the jury written instructions unpurged of information that might have caused the jurors to speculate upon the relative importance of any particular instruction. Compare Rock v. State, supra. The jurors may have attached significance to the instructions labeled "Defendant's Instruction No. ____." Sample v. State, (1885) 104 Ind. 289, 290, 4 N.E. 40; Dodd v. Moore, (1885) 91 Ind. 522, 524. The jurors may have wondered about the black marks which appear on Instructions 11, 13 and 21  who made them?; why were they made?; does the judge want us to read this instruction more carefully than the unmarked ones?
The possible permutations are endless. Final Instruction 22, an annotated instruction, invites further opportunities for the jurors to draw irrelevant and prejudicial inferences about the law or the evidence, which the trial court may not have intended to convey. However inadvertent or unintentional, the trial court's sending the final *767 instructions to the jury, in the form which the record discloses, and after deliberations had commenced, amounted to a qualification of or addition to those instructions just as surely as if it had given an additional instruction or qualified an instruction already given with an additional instruction. By its action the trial court placed a gloss upon the instructions that they did not contain when they were read to the jurors and thereby created the same potential for prejudice to the defense, which Lewis and its progeny seek to prevent.
The judgment of the trial court is reversed and the case is remanded for a new trial.

APPENDIX

*768 
*769 
*770 
*771 
*772 
*773 
*774