John C. COLLINS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 282S50.

Supreme Court of Indiana.

Sept. 26, 1983.

William S. Suarez, Portage, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Stephan E. Wolter, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

The Defendant (Appellant) was convicted, after trial by jury, of armed robbery, Ind.Code § 35–42–5–1 (Burns 1979), and of being an habitual offender, Ind.Code § 35–50–2–8 (Burns Supp.1982), and was sentenced to thirty-six (36) years imprisonment. This direct appeal presents three (3) issues for review:

1. Whether the trial court erred in refusing Defendant's tendered jury instruction regarding the weight and credibility of police testimony.

2. Whether the evidence was sufficient to sustain the conviction for robbery.

3. Whether the evidence was sufficient to sustain the conviction of being an habitual offender.

On February 27, 1981, Randy DeBoe was working as a service station attendant in Portage, Indiana. At approximately 8:00 p.m. a blue, 1975 or 1976 Pontiac Grand Prix, with a white vinyl top was driven into the station. The driver told DeBoe to fill the tank and check the oil. The passenger went into the station to make a phone call. When DeBoe asked the driver for payment he was told to get it from the passenger. Leery that the two men might drive off without paying, DeBoe memorized the vehicle's license plate number.

After completing a second telephone call, the passenger approached DeBoe, presented an automatic handgun, and ordered DeBoe to go inside the station where he took all of DeBoe's cash and his coin changer. He left DeBoe in the back room of the station, ordering him not to come out. DeBoe waited for a few minutes and then called the police. He gave the police a description of both men, the vehicle they were driving, and the license plate number. At approximately 8:18 p.m. that night, a police officer observed a vehicle matching the description given by DeBoe. The officer followed the vehicle until another police unit arrived to assist him. The vehicle was stopped and the Defendant and another man were inside. Loose change and rolls of coins were visible inside, and a forty-five (.45) caliber automatic handgun and a coin changer were found beside the vehicle. After arresting both men, the vehicle was impounded and searched, revealing one hundred

twelve ($112.00) dollars and a second license plate.

\* \* \*

## ISSUE I

■ The Defendant first argues that the trial court erred in refusing to give the Defendant's Final Instruction No. 2, which reads as follows:

"You are hereby further instructed that you, the jury should not be influenced by the mere fact that any of the witnesses were officers of the law. The testimony of a police officer, like that of the Defendant, may be competent, however, it is to be judged by the jury in the same way and manner as the testimony of any other witness."

The Defendant contends that, because of our societal influences that lead us to believe that police officers are more trustworthy than others, this instruction was necessary because eight (8) of the State's nine (9) witnesses were police officers.

■ This court has repeatedly held that instructions as to credibility of witnesses should not comment upon the weight to be given to the testimony of any particular witness. *Lyons v. State,* (1982) Ind., 431 N.E.2d 78, 81; *Cox v. State,* (1981) Ind., 419 N.E.2d 1279, 1284; *Drollinger v. State,* (1980) Ind., 408 N.E.2d 1228, 1241; *Hackett v. State,* (1977) 266 Ind. 103, 108, 360 N.E.2d 1000, 1003; *Morris v. State,* (1977) 266 Ind. 473, 478, 364 N.E.2d 132, 136. The rationale expressed in those decisions applies equally to groups or classes of witnesses. See *United States v. Wright,* (7th Cir.1976) 542 F.2d 975, 989, *cert. denied* 429 U.S. 1073, 97 S.Ct. 810, 50 L.Ed.2d 790; *Golliher v. United States,* (8th Cir.1966) 362 F.2d 594, 604.

The trial court did give a general instruction on assessing the credibility of witnesses and advising that the jurors were the exclusive judges of the credibility of witnesses and the weight of the evidence. This was all that was required, and, under our case law, it would have been an unwarranted comment and, thus, error to have given the requested instruction.

## ISSUE II

■ The Defendant challenges the sufficiency of the evidence to support his conviction for armed robbery. He argues that the State failed to prove the corpus delicti of the crime, in that it did not prove, beyond a reasonable doubt, that there was an unlawful taking by violence, or by putting in fear, from Randy DeBoe.

"Upon a review for sufficient evidence, this Court will look only to the evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If the existence of each element of the crime charged may be found therefrom, beyond a reasonable doubt, the verdict will not be disturbed. In such a review, we will not weigh conflicting evidence nor will we judge the credibility of witnesses." *Loyd v. State,* (1980) Ind., 398 N.E.2d 1260, 1264, *cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105 (citations omitted).

The evidence most favorable to the State, from the testimony of Randy DeBoe, reveals that the Defendant was a passenger in a 1975 or 1976, blue Grand Prix automobile, with a white vinyl top bearing license plate number IND 45G3579. He was wearing blue jeans and a leather jacket. He pointed an automatic handgun at DeBoe, and ordered him into the backroom of the service station where he then demanded that DeBoe give him all of his money, his coin changer, and all of the silver from the cabinet. The Defendant threatened several times to shoot DeBoe, and, as he left, ordered him to stay in the back room. DeBoe further testified that he was frightened during the robbery and had quit his job because of it.

Other evidence favorable to the State showed that the Defendant and his co-defendant were stopped within thirty minutes of the robbery, in a vehicle matching the description of the robbers' vehicle and bearing the same license plate number. Both men fit the description of the robbers that had been given to the police by DeBoe. The police found an automatic handgun and DeBoe's coin changer beside the vehicle, as

well as rolls of coins and loose change inside the vehicle. A search of the vehicle produced one hundred twelve ($112.00) dollars in coins and currency, some of which DeBoe was able to identify as money that had been taken in the robbery.

■ This court has consistently held that a robbery conviction may be sustained on the uncorroborated testimony of one witness. *Brown v. State,* (1982) Ind., 435 N.E.2d 7, 10; *Smith v. State,* (1982) Ind., 432 N.E.2d 1363, 1372; *Geisleman v. State,* (1980) Ind., 410 N.E.2d 1293, 1295. Here there was much more. The evidence was sufficient to support the jury's verdict.

## ISSUE III

■ Finally the Defendant challenges the sufficiency of the evidence to sustain his conviction as an habitual offender. Under this assignment, he purports to litigate the admissibility of documentary evidence reflecting his prior convictions and sentencings under the best evidence rule. We note, however, that he offered no objection to the admission of such evidence at trial, hence the question is not reviewable on appeal. *Owens v. State,* (1981) Ind., 427 N.E.2d 880, 885; *Morris v. State,* (1980) Ind., 406 N.E.2d 1187, 1192; *Reynolds v. State,* (1980) Ind., 409 N.E.2d 639, 640; *Gee v. State,* (1979) 271 Ind. 28, 389 N.E.2d 303, 313; *Harrison v. State,* (1972) 258 Ind. 359, 362–63, 281 N.E.2d 98, 99–100.

■ Assuming the same argument offered here as having been properly made at trial, there is, nevertheless no merit in it. The documents were properly authenticated copies of court records admissible, as an exception to the best evidence rule, under Ind.Code § 34–1–18–7 (Burns 1979). *Collins v. State,* (1981) Ind., 415 N.E.2d 46, 53–4. Neither has Defendant disputed, either here or in the trial court, the accuracy of the documents admitted. *Sanders v. State,* (1976) 264 Ind. 688, 691, 348 N.E.2d 642.

■ Defendant also contends that the evidence did not identify him as the same John C. Collins who was shown by the aforementioned documentary evidence to have been twice previously convicted and sentenced for felonies. He contends that the only evidence of such is that the names are the same and points out that the officers who identified him as the person whom they had arrested and charged did not testify that they had personal knowledge that he had been convicted and sentenced upon such charges.

With respect to the first conviction, the arresting officer, Stewart, testified that he arrested and charged the Defendant on December 12, 1974 with four offenses. The record of conviction and sentencing, in the same court where charged, reflects that the Collins named therein was charged with the same four offenses delineated by the witness, that he had been convicted of one of the offenses delineated (theft) and sentenced on March 11, 1975 after having served 88 days in jail. March 11, 1975 was exactly 88 days subsequent to December 12, 1974. Additionally, the witness testified that he had subsequently conversed with the Defendant about his conviction.

With respect to the second conviction, Officer Highsmith testified that he charged the Defendant with robbery, auto theft and kidnapping in April of 1975 and that although he was not present when the jury returned the verdict, he remembers that the Defendant was found guilty upon the robbery charge. The record of conviction and sentencing for theft from the person, an offense included in the charge of robbery. Additionally, a certified copy of the charging information was also introduced into evidence and bore the same cause number as did the copy of the conviction and sentencing record.

The foregoing related evidence was sufficient to sustain a finding, beyond a reasonable doubt, that the Defendant and John C. Collins named in the records of conviction and sentencing were one and the same person.

We find no error. The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.