INDIANA STATE HIGHWAY COMMIS-
SION, Defendant-Appellant,

v.

Judy VANDERBUR, Administratrix of
the Estate of Edward Evans Vander-
bur, Deceased, Plaintiff-Appellee,

Carolyn J. Redmon, Administratrix of the
Estate of James R. Redmon, Deceased,
Cross-Plaintiff-Appellee.

No. 1–280A33.

Court of Appeals of Indiana,
First District.

Argued March 16, 1982.

Decided April 27, 1982.

Transfer Denied July 7, 1982.

Theodore L. Sendak, Atty. Gen., Linley E.
Pearson, Atty. Gen., Robert F. Hassett,
Deputy Atty. Gen., Indianapolis, for de-
fendant-appellant.

Leon D. Cline, Cline, King & Beck, Co-
lumbus, Lineback & Lewis, P. C., Green-
field, for Vanderbur.

Vernon J. Petri, Petri & Fuhs, Indianapo-
lis, George B. Davis, Davis & Davis, Green-
field, for Redmon.

ON PETITION FOR REHEARING

NEAL, Judge.

Each Appellee's Petition for Rehearing
raises the issue of retroactive application of
*Lewis v. State*, (1980) Ind.App., 409 N.E.2d
1276, *transfer granted* 424 N.E.2d 107, and
the further issue that the supplemental in-
struction was not in fact an "Allen charge"
proscribed in *Lewis, supra.*

In the cases of *Lewis, supra; Burnett v.
State*, (1981) Ind.App., 419 N.E.2d 172,
*transfer granted* and *opinion vacated* Ind.,
426 N.E.2d 1314; and *Crowdus v. State*,
Ind., 431 N.E.2d 796 (1982) cases with simi-
lar procedural positions as here, all were
given retroactive application.

We further observe that in *Crowdus* the
Supreme Court disposed of the second issue.
There, it stated:

"With respect to the giving of Supple-
mental Instruction A, we note that the
ruling in *Lewis* is not limited to *Allen*
[(1896) 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed.
528] charges. Once deliberations com-
mence, the trial court should not give any
additional instructions."

For the above reasons, the Petitions for
Rehearing are overruled. Ind.App., 432
N.E.2d 418.

RATLIFF, P. J., and ROBERTSON, J.,
concur.