**Leonard LONG, Appellant (Defendant Below)**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 4–183A22.**

Court of Appeals of Indiana, Fourth District.

May 12, 1983.

right to request cooperation of Interstate in collecting from the bad check writer.

**1104**

William R. Wilson, Lawrenceburg, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

CONOVER, Judge.

Leonard Long (Long) appeals his jury conviction for criminal recklessness.

We reverse and remand.

ISSUE

Did the trial court err by giving a supplemental charge to the jury after it had begun deliberating?

FACTS

On February 5, 1982, Long was charged with criminal recklessness due to an altercation he had with another man. Long was tried on July 13, 1982. After approximately two hours of deliberation, the judge, sua sponte, called the jury back into the court room and gave the following instruction:

Let the record show the Court is back in session with all members of the jury, counsel, and parties present. The jury has deliberated the case for a period of time and as a matter of fact, the jury retired for deliberation at about 4:15 and it's now 6:15 p.m. In considering this case, ladies and gentlemen of the jury, does it appear that you'll be able to reach a verdict in this matter? The issues are not very complicated in connection with it and I would like you to discuss it amongst yourselves and reach a verdict in connec-

tion with it so that the matter may be resolved. With that, I would like you to return to the jury room, discuss the case in light of the evidence presented and the instructions given to you by the Court so that you may reach a verdict. With that the jury is returned to the jury room in the custody of the Bailiff.

The judge did not present a written copy of the instruction to the prosecutor or defense counsel prior to giving it to the jury. Long's attorney did not object to the instruction. Ten minutes after the instruction was given, the jury returned a guilty verdict. Long appeals.

DISCUSSION AND DECISION

Long claims the trial court erred by sua sponte instructing the jury after it had begun its deliberation. The State's sole response to Long's argument is he waived any error because he failed to object to the giving of the instruction. We find no merit in the State's argument.

Under Ind.Rules of Procedure, Trial Rule 46, failure to object does not constitute waiver when a party has no opportunity to object. Here, the trial court judge decided sua sponte to give the jury the supplemental instruction. He did not give the prosecutor or Long's attorney a written copy of the instruction prior to giving it, nor afford them an opportunity to object, as required by Criminal Rule 8(B); and, Long was understandably reluctant to object to the judge's own instruction with the jury present. In *Kennedy v. State,* (1972) 258 Ind. 211, 280 N.E.2d 611, our supreme court held:

A fair trial by an impartial judge and jury is an essential element in due process. See Art. 1, §§ 12 and 13 of the Constitution of Indiana. Also, an attorney would be reluctant to object to the judge's questioning as it then would appear to the jury that the defense and the court were in direct conflict thus doing further damage to defendant's cause.

*Id.* at 218, 280 N.E.2d at 615. In that case, the court held no waiver occurred in a similar circumstance.

The State argues *Eiland v. State,* (1982) Ind.App., 433 N.E.2d 400 is dispositive. There, the court held the defendant waived any error by the giving of the instruction because he failed to object. However, that case is distinguishable. Not only did the defendant there have an opportunity to object but he also gave his tacit approval of the instruction. Here, however, Long had no opportunity to object. Therefore, the error is preserved.

■ Our supreme court has set out the proper procedure to be used when instructing the jury once deliberations have begun.

> The proper procedure is for the court to call the jury back into open court in the presence of all of the parties and their counsel, if they desire to be there, and to reread all instructions given to them prior to their deliberations, without emphasis on any of them and without further comment. This procedure will give the jury the aid necessary for them to continue their deliberations without compounding potential problems as the giving of an Allen-type instruction has done.

*Lewis v. State,* (1981) Ind., 424 N.E.2d 107, 111. Here the judge read only the single new instruction, an Allen charge, to the jury.

In *Brannum v. State,* (1977) 267 Ind. 51, 366 N.E.2d 1180, Justice Pivarnik, speaking for the court, held:

> By giving the special instruction sua sponte, however, the court emphasized this provision as one of primary importance to the jury, and tended to tell them

what they ought to do. It is fundamental that a court should not, by an instruction, cast suspicion on any defense or evidence offered.

*Id.* at 59, 366 N.E.2d at 1185. Here, the judge instructed the jury that "[t]he issues are not very complicated", indicating his opinion of the evidence, and he "would like" them to "reach a verdict", implying they should abandon their beliefs in order to arrive at a decision.

> A jury of laymen will often have an awesome respect for the institution of the American trial judge. This can lead them to accord great and perhaps decisive significance to the judge's every word and intimation. It is therefore essential that the judge refrain from any actions indicating any position other than strict impartiality.

*Kennedy v. State,* (1972) 258 Ind. 211, 226, 280 N.E.2d 611, 620–21. By giving this instruction, the judge may have appeared to the jury as not being impartial. It was harmful error to give the instruction.

The judgment is reversed and the cause remanded for a new trial.

YOUNG, P.J., and MILLER, J., concur.