CAPITOL BUILDERS, INC., Appellant,

v.

David L. SHIPLEY and Elaina J. Shipley, Appellee.

Nos. 2–281A65, 1183S416.

Supreme Court of Indiana.

Nov. 23, 1983.

John G. Forbes, Forbes, Kias & Pennamped, P.C., Indianapolis, for appellant.

David A. Clase, Harper & Clase, Indianapolis, for appellee.

PIVARNIK, Justice.

This action was brought by Plaintiffs-Appellees David and Elaina Shipley for negligence and breach of warranty in the construction of their home. Following a jury trial, the trial judge entered judgment in their favor. Defendant-Appellant Capitol Builders, Inc., appealed to the Second District Court of Appeals who affirmed the trial court. The only issue presented in this Petition to Transfer is Appellant's contention that the trial court erred by reading to the jury, over Appellant's objection, a supplemental final instruction generally referred to as an "Allen charge." This Court and the Court of Appeals previously have held that the giving of an "Allen charge" supplemental instruction in either a criminal or a civil case is reversible error. The Court of Appeals opinion and opinion on rehearing are accordingly vacated and the trial court is reversed with instructions to grant a new trial.

The Court of Appeals conceded that the giving of a supplemental instruction in the nature of an "Allen charge" is reversible error pursuant to the decisions of this Court and of the Court of Appeals. *Crowdus v. State,* (1982) Ind., 431 N.E.2d 796; *Burnett v. State,* (1981) Ind., 426 N.E.2d 1314; *Lewis v. State,* (1981) Ind., 424 N.E.2d 107, *reh. denied; Indiana State Highway Comm. v. Vanderbur,* (1982) Ind.App., 432 N.E.2d 418, *on reh.* Ind.App., 434 N.E.2d 575, *trans. denied.* The instruction given here was similar to the instructions given in the

above cited cases. The instant instruction specifically read as follows:

## "SUPPLEMENTAL FINAL INSTRUCTION

This is an important case. If you should fail to reach a decision, the case is left open and undecided. Like all cases it must be disposed of at some time. Another trial would be a heavy burden on both sides.

There is no reason to believe that the case can be tried again any better or more exhaustively than it has been. There is no reason to believe that more evidence or clearer evidence would be produced on behalf of either side.

Also, there is no reason to believe that the case would ever be submitted to twelve people more intelligent or more impartial or more reasonable than you. Any future jury must be selected in the same manner that you were.

These matters are mentioned now because some of them may not have been in your thoughts.

This does not mean that those favoring any particular position should surrender their honest convictions as to the weight or effect of any evidence solely because of the opinion of other jurors or because of the importance of arriving at a decision.

This does mean that you should give respectful consideration to each other's views and talk over any differences of opinion in a spirit of fairness and candor. If at all possible, you should resolve any differences and come to a common conclusion so that this case may be completed.

You may be leisurely in your deliberations as the occasion may require and take all the time you feel necessary.

The giving of this instruction at this time in no way means it is more important than any other instruction. On the contrary, you should consider this instruction together with and as a part of the instructions which I previously gave you.

You may retire and continue your deliberations in such manner as may be determined by your good judgment as reasonable people."

Appellant raised the instant issue before the Court of Appeals indicating that the supplemental instruction was given after the jury had retired and deliberated for some time. Appellant objected to the instruction but the trial court gave it notwithstanding. Appellees' response to the giving of this instruction and argument in its brief was that it was harmless error since the evidence was so strong in Appellees' favor that the jury would likely have reached the same verdict with or without the supplemental instruction. Appellant's claim was that the supplemental instruction was delivered after the jury had commenced deliberations. This fact was not questioned by the Appellees. The Court of Appeals found, however, that in examining the trial court's order book, there was no entry showing that the jury had been called back into court after retiring to deliberate upon a verdict. The Court of Appeals therefore assumed that the "Allen charge" instruction had been given with the rest of the instructions before the jury retired. The Court of Appeals also found that the record showed that Appellant's objections to the proposed final instructions appeared in the same place as Appellant's objections to the supplemental instruction. The Court of Appeals concluded that since the supplemental instruction apparently was given at the same time as the other instructions and as part of the trial court's original charge, that the possibility of undue emphasis was eliminated and the harm caused by the supplemental instruction was removed to the extent that its tender was harmless.

 Appellant subsequently petitioned the Court of Appeals for rehearing claiming that the "Allen charge" instruction was not included among the original instructions and was not given as part of the trial court's original charge. Apparently, Appellant did not until that time recognize that although it had filed a praecipe requesting the entire record, the part of the record showing that the supplemental charge was

actually given after the original instructions was missing. Appellant petitioned pursuant to Ind.R.App.P. 7.2(C) for leave to file a supplemental record which would show that the instruction was actually delivered after the jury had retired. Appellant also proposed to file an affidavit by the trial judge and an affidavit by the trial court reporter to the effect that the supplemental instruction actually was given after the jury had retired and deliberated for some time and therefore was supplemental to the trial court's original charge. In its opinion on rehearing, the Court of Appeals held that the party claiming error had the burden to establish a complete and accurate record, that a reviewing court could assume that the total record was present and that a reviewing court need not search the record to reverse. The Court of Appeals accordingly affirmed its original opinion which affirmed the trial court. Although we generally agree with the Court of Appeals in its opinion on rehearing, we question the application and effect of their holdings in the instant case. This Court now determines that automatic waiver will be precluded by Ind.R.App.P. 7.2(C) when the record has been established in the trial court but not included in the record presented for review so that this Court could issue a writ of certiorari to the trial court to obtain the missing portions. *See Dunn v. State,* (1982) Ind., 439 N.E.2d 165 (Hunter, J., concurring in result). Although we generally will presume that the moving party will be responsible to recognize any shortcoming in the record it presents to support the issues it raises, it appears here that the missing part of the record was not apparent to Appellant since Appellant had no occasion to be aware of it. Appellant's contentions showed that the supplemental instruction was given after the jury had deliberated for some time and this was not questioned by Appellee. As a matter of fact, Appellee referred to the instruction as a supplemental instruction and at least inferred by its language that the instruction was given in that manner. Appellant never was alerted to examine the record and become aware that the trial court had omitted an entry showing

the jury's recall for the giving of the supplemental instruction. Under these circumstances, it appears that the Court of Appeals did not apply the spirit and meaning of Ind.R.App.P. 7.2(C) so that their decision on appeal would reflect all of the facts and circumstances of the trial stage. In his concurring opinion on rehearing, Judge Sullivan stated:

"I do not, however, agree that the silence of the order book with respect to the stage of the proceedings at which the Allen charge was given is necessarily fatal to an argument premised upon the giving of such charge. An appellant may premise an appellate argument upon a fact, the existence of which is not challenged, despite the silence of the order book as to that fact. *Taylor v. State,* (1982) Ind., 438 N.E.2d 275; *see Collins v. State,* (1981) Ind., 415 N.E.2d 46. At no time during the consideration of this appeal, nor upon rehearing, do the Appellees challenge that the Allen charge was in truth and fact given as a supplemental instruction *after* the jury had retired and had begun deliberations. The affidavit of the trial judge appended to Appellant's Petition for Leave to File A Supplemental Record confirms that the Allen charge was given 'after many hours of deliberation.' The affidavit of the Court Reporter likewise demonstrates that the record as filed was inaccurate as to the proper sequence of proceedings after the conclusion of the evidence."

We agree. Judge Sullivan did, however, concur with the majority of the Second District stating: "At some time or other the matters before us on appeal must be viewed as fixed and not subject to amendment or modification." We also generally agree with this statement and ordinarily would find that the time of rehearing is too late to request to supplement the record pursuant to Ind.R.App.P. 7.2(C). We do not find the statement applicable here, however, since, as we have outlined above, all parties treated the issue assuming the supplemental instruction had been given after the jury had deliberated and Appellee made

no response to trigger Appellant's attention to the fact that the trial court had inadvertently left out of its minutes the jury's recall to receive the supplemental instruction. The giving of the supplemental "Allen" instruction by the trial court was reversible error. *Crowdus, supra; Lewis, supra; Vanderbur, supra.*

The Opinions of the Court of Appeals are vacated, transfer is granted, and the judgment of the trial court is reversed with instructions to grant a new trial to Appellant.

GIVAN, C.J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.