**John A. CABELL, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

**No. 183 S 24.**

Supreme Court of Indiana.

April 18, 1984.

John D. Clouse, Michael C. Keating, Laurie A. Baiden, Evansville, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, John A. Cabell, was convicted of voluntary manslaughter, a Class B felony, Ind.Code § 35–42–1–3 (Burns 1979 Repl.) and was sentenced to the Indiana Department of Correction for a period of twenty years. This direct appeal presents two issues, one of which requires us to reverse and remand for a new trial.

After the jurors had deliberated for almost twelve hours, the trial court, on its own motion, had them return to the courtroom. The foreman stated that the jury had not been able to reach a verdict and that she did not feel they would be able to reach a verdict even with further deliberations. The trial court then read the following Supplemental Instruction to the jury even though it had not been read to the jury with the original instructions and the defendant objected to it:

"It's your verdict, your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous. It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of

your fellow jurors, or for the mere purpose of returning a verdict. You are not partisans. You are judges—judges of the facts. Your sole interest is to ascertain the truth from the evidence in the case."

This instruction is a modified *Allen* charge. *Allen v. United States,* (1896) 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528. In *Lewis v. State,* (1981) Ind., 424 N.E.2d 107, we explicitly disapproved the giving of *Allen* charges and reversed the defendant's conviction when that instruction was given over defendant's objection. We explained:

> "The proper procedure is for the court to call the jury back into open court in the presence of all of the parties and their counsel, if they desire to be there, and to reread all instructions given to them prior to their deliberations, without emphasis on any of them and without further comment. This procedure will give the jury the aid necessary for them to continue their deliberations without compounding potential problems as the giving of an Allen-type instruction has done."

424 N.E.2d at 111.

In subsequent cases, we have followed that holding and explained that the ruling in *Lewis* is not limited to *Allen* charges. *Crowdus v. State,* (1982) Ind., 431 N.E.2d 796; *Burnett v. State,* (1981) 426 N.E.2d 1314; *Wallace v. State,* (1981) Ind., 426 N.E.2d 34. In *Crowdus,* we stated:

> "Once deliberations commence, the trial court should not give any additional instructions. This rule precludes the trial court from giving any special emphasis, inadvertent or otherwise, to a particular issue in the case, and thus avoids the possibility that the additional instruction(s) may tell the jury what it ought to do concerning that issue."

*Crowdus v. State,* 431 N.E.2d at 798.

We have recognized one limited exception to this rule which applies when a trial judge is confronted with a question from a jury which has commenced deliberations. We found that in certain circumstances the trial court may:

"amend the final instructions by adding a necessary one previously omitted or correcting an erroneous one, .... Thus, it is only when the jury question coincides with an error or legal lacuna in the final instructions that a response other than rereading from the body of final instructions is permissible."

*Jenkins v. State,* (1981) Ind., 424 N.E.2d 1002, 1003. The instant case does not fall within this exception.

The trial court erred in giving the additional Supplemental Instruction in this case after deliberations had commenced and the jury had indicated that they were deadlocked.

The judgment of the trial court is reversed and the case is remanded for a new trial.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.