John A. MOSLEY, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9410–CR–600.

Court of Appeals of Indiana.

Jan. 22, 1996.

Nancy L. Broyles, McClure, McClure & Kammen, Indianapolis, for Appellant.

Pamela Carter, Attorney General of Indiana, Randi F. Elfenbaum, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

HOFFMAN, Judge.

Appellant-defendant John A. Mosley appeals from his convictions for rape, a Class A felony; robbery, a Class B felony; and confinement, a Class B felony. The relevant facts are set forth below.

At approximately 2:30 A.M. on the morning of May 27, 1992, R.S. had been sleeping in her car, which was parked in a parking lot in downtown Indianapolis, Indiana,. when she heard a tapping noise. R.S. awoke to find Mosley brandishing a gun and threatening to use it if R.S. did not unlock her car. R.S. complied. Mosley took $13.00 from R.S.'s billfold. He ordered R.S. out of her car. Mosley then escorted her down an alley and through a vacant lot to a well-lit, grassy area surrounded by trees. There, Mosley told R.S. to undress, and he raped her.

On July 9, 1992, Mosley was charged with rape, robbery, and criminal confinement. At a preliminary hearing, Mosley waived his right to a jury trial. At trial, the State asked that a jury trial commence. The trial court inquired into the circumstances of the waiver and determined that trial would proceed by jury.

At the close of the evidence, the court instructed the jury. The jury retired to deliberate. Approximately five hours later, the jury indicated it was split on the issues and it appeared to be deadlocked. The jury was recalled to open court and, over Mosley's objection, the trial court gave the jury a supplemental jury instruction regarding the deliberation process. Thereafter, the jury returned verdicts of guilty as to all three counts.

Mosley was sentenced to fifty years' imprisonment for rape, and ten years' imprisonment for robbery and confinement, which were to run concurrently to one another but consecutive to his sentence for rape. He now appeals.

Mosley raises two issues; however, this Court need address only one as it requires us to reverse Mosley's convictions and remand for a new trial. The sole issue addressed by this Court is whether the trial court committed reversible error when it read a supplemental instruction to the jury after deliberations had commenced and the jury indicated that it was deadlocked.

The jury began its deliberations at approximately 5:30 P.M. At 11:07 P.M., the jury sent the trial court a note which stated that it was divided 10 guilty, 1 not guilty, and 1 undecided, as to Count I; 5 guilty and 7 not guilty, as to Count II; and 10 guilty and 2 not guilty, as to Count III. The jury further stated that it was not certain what to do and appeared to be deadlocked after its third polling. The trial court called the parties into open court and informed them that the jury's note indicated a split. The State responded that the jury should be told to continue its deliberations. Mosley asked that a mistrial be declared. Instead, the trial court read the following supplemental instruction to the jury, over Mosley's objection:

> "[T]he Court further instructs you that all verdicts must be unanimous. While it is the duty of each Juror to act upon his ... own individual judgment and determine for himself the issue of guilt or innocence of the defendant of the crime charged and that he must look solely to the law and the evidence in the Cause in determining for himself the guilt or innocence of the defendant; it is likewise the duty of each Juror to consult honestly, freely and fairly with his fellow Jurors and endeavor with them, by a fair consideration of the law and the evidence in the Cause to arrive at a just conclusion as to the guilt or innocence of the defendant. No Juror, through carelessness or indifference, should yield his own judgment in this Cause to the judgment of his fellow Jurors. Neither should he, on the other hand, allow mere pride or personal opinion to prevent him from consulting and reasoning and deliberating with his fellow Jurors in an honest and good-faith effort to arrive at a just verdict in this cause...."

The jury was then told to continue its deliberations. Thereafter, the jury returned verdicts of guilty as to all three counts.

The State asserts that the supplemental instruction was merely an elaboration of a previous instruction which did no more

than simply direct the jury to continue its deliberation. This Court cannot view the lone instruction so innocuously. Although its language is not as strong as a true *Allen*[1] charge, its intent is the same to procure a verdict from an otherwise deadlocked jury. In *Lewis v. State* (1981), Ind., 424 N.E.2d 107, our supreme court explicitly disapproved the giving of *Allen* charges and reversed the defendant's conviction when an instruction was given over the defendant's objection after the jury had already begun the deliberation process. The court explained:

> "The proper procedure is for the court to call the jury back into open court in the presence of all the parties and their counsel, if they desire to be there, and to *reread all instructions given to them prior to their deliberations, without emphasis on any of them and without further comment.* This procedure will give the jury the aid necessary for them to continue their deliberations without compounding potential problems as the giving of an Allen-type instruction has done."

*Id.* at 111 (Emphasis added.).

Subsequent cases have followed this holding and further stated that the ruling is not necessarily limited to *Allen* charges. *See Cabell v. State* (1984), Ind., 461 N.E.2d 1101, 1102; *Crowdus v. State* (1982), Ind., 431 N.E.2d 796, 798; *Harrison v. State* (1991), Ind.App., 575 N.E.2d 642, 649; *but see Nichols v. State* (1992), Ind., 591 N.E.2d 134, 138 (defendant not harmed when trial court simply ordered the jury to continue to deliberate); *Cavendish v. State* (1986), Ind., 496 N.E.2d 46, 47–48 (same). Once deliberations commence, the trial court should not give any additional instructions. *Crowdus,* 431 N.E.2d at 798. This rule precludes the trial court from giving any special emphasis, inadvertent or otherwise, to a particular issue and, thus, avoids the possibility that an additional instruction may tell the jury what it ought to do concerning an issue. *Id.*

The trial court erred in giving the additional supplemental instruction in this case after deliberations had commenced and the jury indicated that it was deadlocked. The judgment of the trial court is reversed and the case is remanded for a new trial.

Reversed and remanded.

STATON and FRIEDLANDER, JJ., concur.

---

1. *Allen v. United States* (1896), 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528.