**Daniel W. BAILEY, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 49S00–9509–CR–01046.

Supreme Court of Indiana.

Aug. 7, 1996.

1. Ind.Code § 35–42–1–1 (1993).

2. Ind.Code § 35–47–2–1 (1993).

S. Sargent Visher, Indianapolis, for appellant.

Pamela Carter, Attorney General, Lisa M. Paunicka, Deputy Attorney General, Indianapolis, for Appellee.

SULLIVAN, Justice.

We reaffirm that the proper procedure when the jury is apparently deadlocked is for the trial court to call the jury back into open court in the presence of all parties and their counsel and reread all instructions given to them prior to their deliberations, without emphasis on any of them and without further comment. *Lewis v. State*, 424 N.E.2d 107 (Ind.1981).

### Background

During jury deliberations in defendant Daniel Bailey's trial for murder [1] and carrying a handgun without a license,[2] the jury sent the trial court the following note: "What happens if we cannot come to a unanimous decision this evening?" Interpreting this note as an indication that the jury was deadlocked, the trial court called the jury back into open court and reread to the jury one, but only one, of the final instructions.[3] De-

3. The instruction reread by the court was as follows:

fense counsel objected to the procedure, arguing "if one instruction's read to them, . . . they all need to be."

## Discussion

### I

In 1896, the United States Supreme Court reviewed the murder conviction of 14–year old Alexander Allen for the third time. *Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896). Among the assignments of error addressed by the court was a challenge to a jury instruction which has come to be known as the *"Allen* charge." The court described the instruction as follows:

> These instructions were quite lengthy, and were, in substance, that in a large proportion of cases absolute certainty could not be expected; that although the verdict must be the verdict of each individual juror, and not a mere acquiescence in the conclusion of his fellows, yet they should examine the question submitted with candor and with a proper regard and deference to the opinions of each other; that it was their duty to decide the case as if they could conscientiously do so; that they should listen, with a disposition to be convinced, to each other's arguments; that, if much the larger number were for conviction, a dissenting juror should consider whether his doubt was a reasonable one which made no impression upon the minds of so many men, equally honest,

equally intelligent with himself. If, upon the other hand, the majority was for acquittal, the minority ought to ask themselves whether they might not reasonably doubt the correctness of a judgment which was not concurred in by the majority.

*Id.* at 501, 17 S.Ct. at 157. The court found no error in these instructions.

This "unprepossessing leading authority"[4] spawned a host of appellate and scholarly commentary in the three quarters of a century following its pronouncement.[5] One outgrowth of this discussion was the emergence of an approach recommended by the American Bar Association to be used by trial courts in criminal cases when the jury was deadlocked. This standard, adopted by many courts including the United States Circuit Court of Appeals for the Seventh Circuit in *United States v. Silvern,* 484 F.2d 879 (7th Cir.1973), provided:

> (a) Before the jury retires for deliberation, the court may give an instruction which informs the jury:
>
> > (i) that in order to return a verdict, each juror must agree thereto;
> >
> > (ii) that jurors have a duty to consult with one another and to deliberate with a view to reaching an agreement, if it can be done without violence to individual judgment;
> >
> > (iii) that each juror must decide the case for himself or herself but only after an impartial consideration of the evidence with the other jurors;

The Court further instructs you that all verdicts must be unanimous. While it is the duty of each juror to act upon that juror's own individual judgment and determine the issue of guilt or innocence of the defendant of the crime charged and that each juror must look solely to the law and the evidence in the cause in determining the guilt or innocence of the defendant, yet it is likewise the duty of each juror to consult honestly, freely and fairly with the other jurors and endeavor with them, by fair consideration of the law and the evidence in the cause to arrive at a just conclusion as to the guilt or innocence of the defendant. No juror, through carelessness or indifference should yield that juror's own judgment in this cause to the judgment of the other jurors. Neither should any juror allow mere pride or personal opinion to prevent deliberative and reasonable consultation with the other jurors in an honest and good faith effort to arrive at a just verdict in this cause.

**4.** *People v. Gainer,* 19 Cal.3d 835, 843, 139 Cal. Rptr. 861, 864, 566 P.2d 997, 1000 (1977).

**5.** For a summary of *Allen* charge cases and authority pre-dating *Lewis v. State, see* T.J. Oliver, Annotation, *Instructions Urging Dissenting Jurors in Criminal Case to Give Due Consideration to Opinion of Majority,* 100 A.L.R.2d 177 (1965). For a review of more recent developments, *see* Wayne F. Foster, Annotation, *Instructions Urging Dissenting Jurors in State Criminal Case to Give Due Consideration to Opinion of Majority (Allen Charge)—Modern Cases,* 97 A.L.R.3d 96 (1980 & 1995 Supp.), and Wayne F. Foster, Annotation, *Modern Status of Rule that Court May Instruct Dissenting Jurors in Federal Criminal Case to Give Due Consideration to Opinion of Majority (Allen Charge),* 44 A.L.R.Fed. 468 (1979 & 1995 Supp.).

(iv) that in the course of deliberations, a juror should not hesitate to reexamine his or her own views and change an opinion if the juror is convinced it is erroneous; and

(v) that no juror should surrender his or her honest conviction as to the weight or effect of the evidence solely because of the opinion of other jurors, or for the mere purpose of returning a verdict.

(b) If it appears to the court that the jury has been unable to agree, the court may require the jury to continue their deliberations and may give or repeat an instruction as provided in paragraph (a). The court shall not require or threaten to require the jury to deliberate for an unreasonable length of time or for unreasonable intervals.

(c) The jury may be discharged without having agreed upon a verdict if it appears that there is no reasonable probability of agreement.

American Bar Ass'n Project on Minimum Standards for Criminal Justice, Standards Relating to Trial By Jury § 5.4 at 145–46 (1969 Edition); standard 15-4.4 at 133 (1980 Edition).[6]

## II

One of the few jurisdictions not to address the *Allen* charge during that time was Indiana—not, that is, until 1979. Then, in a period of two years, the appellate courts of our state reviewed the *Allen* charge on three occasions and came to rest on the rule we reaffirm today. In 1979, a panel of the Court of Appeals approved the use of a version of the *Allen* charge, although not without criticism, in *Guffey v. State,* 179 Ind.App. 503, 386 N.E.2d 692 (1979). In 1980, another panel of the Court of Appeals rejected the use of all forms of the traditional *Allen* charge, advocating instead the use of the ABA standard. *Lewis v. State,* 409 N.E.2d 1276 (Ind.Ct.App.1980), *vacated,* 424 N.E.2d 107 (1981).

In 1981, our court granted transfer and vacated the Court of Appeals decision in *Lewis,* disapproving the giving of any supplemental instructions to deadlocked juries other than rereading all of the original final instructions. *Lewis,* 424 N.E.2d at 111.

Our court's analysis began by rejecting the appellant's contention that the use of the *Allen* charge constituted a violation of defendant's Sixth Amendment rights, noting that no court, including the United States Supreme Court, had ever found a constitutional defect in the use of the *Allen* charge. *Id.* at 109. But when we turned to discussion of the *Guffey* decision, we were quick to express our concern that a trial judge's necessary discretion "not step over the bounds that limit him in the proper conduct of a trial. He must refrain from imposing himself and his opinions on the jury." *Id.* at 110. We then referred to *Cameron v. State,* a case in which we had reviewed a trial judge's lengthy dialogue with a jury concerning an insanity instruction. In *Cameron,* we had said:

The law is clear that final instructions are not to be orally qualified, modified, or

---

**6.** The American Bar Association Standards further suggest Instruction 8.11 of Jury Instructions and Forms for Federal Criminal Cases, 27 F.R.D. 39, 97–98 (1961), as a charge that is consistent with these standards. That instruction reads as follows:

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

You are not partisans. You are judges of the facts. Your sole interest is to ascertain the truth from the evidence in the case.

Of this instruction, we have said: "We recognize that the above language is an instruction on jury deliberations commonly used in Indiana courts as a final instruction. It is a sound instruction informing the jury of their duties and the manner in which they are to deliberate and arrive at a verdict. We recommend that this instruction be given to the jury in all trials." *Lewis,* 424 N.E.2d at 111.

in any manner orally explained to the jury by the trial judge. Ind.Code § 35–1–35–1 (Burns 1975). Instructions given to the jury should be considered and construed as an entirety. *Bowers v. State,* 196 Ind. 4, 146 N.E. 818 (1925). Thus, by calling back the jury during deliberations, and emphasizing a particular instruction or a particular aspect of the case, the trial court commits reversible error. *See Brannum v. State,* 267 Ind. 51, 366 N.E.2d 1180, 1184–85 (1977), and cases cited therein.

*Cameron v. State,* 270 Ind. 185, 187, 383 N.E.2d 1039, 1041 (Ind.1979).

With this background, we turned to the Court of Appeals resolution of *Lewis, i.e.,* the use of the ABA standard. We said:

It appears to us … that the procedure of paragraph (b) of the above [ABA] Standard in allowing the court to separate this instruction or parts of it from the other instructions and to re-give it to the jury after deliberations recreates the problem of the "Allen" charge situation all over again in a different form. A better solution is the employment of the accepted procedure which has been used effectively to respond to any type of problem occasioned by a jury during its deliberations. The proper procedure is for the court to call the jury back into open court in the presence of all of the parties and their counsel, if they desire to be there, and to reread all instructions given to them prior to their deliberations, without emphasis on any of them and without further comment. This procedure will give the jury the aid necessary for them to continue their deliberations without compounding potential problems as the giving of an Allen-type instruction has done.

*Lewis,* 424 N.E.2d at 111.

### III

In the case before us today, the trial court reread the final instruction dealing with the

manner of deliberations. As noted in footnote 6, *supra,* we said in *Lewis* that this instruction should be given to the jury as a final instruction in all trials. But we also held—and have continually held since that time—that it is not proper to reread that instruction alone when faced with a jury deadlock.[7] This is not a housekeeping instruction but an instruction that relates to the very office of the jury. That is, the considerations set forth in this instruction are no more or less important to the jury than the matters set forth in the other final instructions. A jury deadlock could be caused by, *e.g.,* one or more juror's failure to consult "honestly, freely and fairly with the other jurors." But it could also be caused by one or more juror's failure to understand or remember the instruction on reasonable doubt, the instruction on the elements of an offense, or the instruction on the state's burden of proof. The trial court simply does not know whether juror intransigence or a genuine misunderstanding or memory lapse as to the substance of the final instructions has caused the deadlock. By rereading all of the instructions, the jury is taken back to the beginning of its assignment, reminded of all the instructions necessary to decide the case. Not knowing the source of the infection, rereading all the instructions provides a broad spectrum antibiotic for whatever has caused the deadlock. We consider it time well spent.

### Conclusion

Despite the many cases and secondary materials addressing the *Allen* charge, our decision in *Lewis* was the first to address the *Allen* charge issue from the perspective that the charge constitutes an embellishment on final instructions and, therefore, can only be read if part of a rereading of all final instruc-

**7.** *See, e.g., Cavendish v. State,* 496 N.E.2d 46 (Ind.1986); *Mellott v. State,* 496 N.E.2d 396, 399 (Ind.1986); *Cabell v. State,* 461 N.E.2d 1101, 1102 (Ind.1984); *Reynolds v. State,* 460 N.E.2d 506, 508 (Ind.1984); *Alexander v. State,* 449 N.E.2d 1068, 1073 (Ind.1983); *Cornett v. State,* 436 N.E.2d 765, 766 (Ind.1982); *Crowdus v. State,* 431 N.E.2d 796, 798 (Ind.1982); *Wallace v. State,* 426 N.E.2d 34, 36–37 (Ind.1981); *Bur-*

*nett v. State,* 426 N.E.2d 1314, 1315 (Ind.1981); *Mosley v. State,* 660 N.E.2d 589 (Ind.Ct.App. 1996); *Harrison v. State,* 575 N.E.2d 642 (Ind.Ct. App.1991); *Fultz v. State,* 473 N.E.2d 624, 629 (Ind.Ct.App.1985); *Long v. State,* 448 N.E.2d 1103, 1105 (Ind.Ct.App.1983). For the applicability of this rule in civil cases, *see Capitol Builders v. Shipley,* 455 N.E.2d 1135, 1136, 1139 (Ind. 1983).

tions. We clearly rejected the notion advanced by many jurisdictions, including the Seventh Circuit, that the wording of the A.B.A. standard instruction differs in its impact on juries from the original *Allen* charge. And as the last of the five members of our court who unanimously decided *Lewis* retires, it is altogether fitting that we reaffirm this important principle of Indiana criminal jurisprudence. We reverse Bailey's convictions and remand to the trial court.

DeBRULER and SELBY, JJ., concur.

SHEPARD, C.J., concurs with separate opinion in which DICKSON, J., concurs.

SHEPARD, Chief Justice, concurring.

I join the Court's opinion because it reaffirms our precedent, prohibiting the use of "*Allen* charges" to break jury deadlocks and our rule that if one instruction is to be re-read they should all be re-read.

The application of these rules appears awkward in this case because the jury's question to the court seems like a request for information and not a declaration that the jurors were deadlocked. The trial judge interpreted the question as an indication of deadlock, however, and it is possible that she was right. If so, as the Court's opinion indicates, the decision to give an "*Allen* charge" was error.

This appeal also suggests another question which will be ripe for examination when the appropriate case presents itself. Our declaration in *Lewis v. State* that a judge should re-read instructions to a deadlocked jury [8] was written during an era when it was error to send instructions to the jury room. Now that we regularly give the jury the written instructions, this may be something left to trial court discretion.

DICKSON, J., joins.