Taurus **FOSTER**, Appellant (Defendant),

v.

**STATE** of Indiana, Appellee (Plaintiff).

No. 71S00–9709–CR–510.

Supreme Court of Indiana.

Sept. 8, 1998.

---

Brian J. May, South Bend, for Appellant.

Jeffrey A. Modisett, Attorney General, Andrew L. Hedges, Deputy Attorney General, Indianapolis, for Appellee.

SELBY, Justice.

A jury convicted Taurus Foster ("defendant") of conspiracy to commit robbery, a class B felony, robbery, a class A felony,[1] and felony murder.[2] The trial court merged the conspiracy to commit robbery and robbery counts with the felony murder count and sentenced defendant to fifty-seven (57) years in prison. The sole issue raised on appeal is whether the trial court erred when it declined to respond to a question the jury posed during its deliberations. Finding no error, we affirm.

## FACTS AND PROCEEDINGS BELOW

The facts viewed in the light most favorable to the judgment are that on December 27, 1996, defendant, Jimmy Bailey, Curtis Medina, and James Wilder agreed to rob Michael Fulford, whom they knew sold mari-

---

1. *See* Ind.Code §§ 35–41–5–2 (conspiracy), 35–42–5–1 (robbery), and 35–41–2–4 (aiding, inducing, or causing an offense) (1998). *See also* Ind.Code § 35–50–2–5 (penalty for class B felony) (1998) and § 35–50–2–4 (penalty for class A felony) (1998).

2. *See* Ind.Code §§ 35–42–1–1(2) (felony murder) and 35–41–2–4 (aiding, inducing, or causing an offense) (1998). *See also* Ind.Code § 35–50–2–3 (1998) (penalty for murder).

juana from his trailer. Although defendant was not carrying a gun, he was aware that Wilder and Bailey were carrying handguns. The men drove to Fulford's trailer, knocked on the door, and announced that they wished to purchase marijuana.

Fulford led the men into his trailer and took Bailey into a back room, but when they reached the back room, Bailey drew a handgun and ordered Fulford to hand over his valuables. At approximately the same time, Wilder drew his handgun and proceeded to rob several individuals in the living room. Defendant assisted Wilder by ordering the individuals to the floor and telling them to turn over their valuables.

At this point, Fulford's sister Annie and her boyfriend Leif arrived. When Leif realized that a robbery was in progress, he sprayed defendant in the face with mace. Leif then tackled Wilder, who fired his handgun, shot Annie in the head, and killed her. Defendant and his companions then fled.

The State presented the testimony of several witnesses who had been at the trailer during the shooting, as well as Officer William Thompson's testimony and a statement defendant gave to Thompson. In the statement, defendant attempted to downplay the extent of his active involvement in the robbery relative to his companions. Nevertheless, the statement was incriminating in that defendant admitted he was with the group that committed the robbery.

Defendant did not present any witnesses, but established through the testimony of Officer Thompson that defendant provided helpful information to the police during their investigation, that Officer Thompson told defendant that he would advise the prosecutor that defendant had been cooperative, and that Thompson called the prosecutor and told him he should not charge defendant with murder. At the same time, defendant, through his cross-examination, accused Thompson of offering to put in a good word for defendant to trick him into talking. On re-direct, Thompson made it clear that, when defendant made his statement, he had minimized the extent of his involvement during

the course of the robbery. Defense counsel then argued to the jury that Thompson had concluded that "it wasn't right to charge him with murder" and that "[y]ou've got to look at the law, but you get to decide the law for what you think is fair and right." (R. at 530.)

The court instructed the jury generally as to the role of the State and to their role as jurors. The court instructed the jury that the State brought the criminal charges, that the charging document is not evidence, that the statements of counsel are not evidence, and that the State has the burden in proving the elements of the charged offenses beyond reasonable doubt. The court also advised the jury that they "are the exclusive judges of the evidence" (R. at 52), and that: "Under the Constitution of Indiana the jury is given the right to decide both the law and the facts. In fulfilling this duty, you are to apply the law as you actually find it, and you are not to disregard it for any reason. The instructions of the court are your best source in determining what the law is." (R. at 55.)[3] The court sent a set of its written instructions in with the jury during its deliberations. The record before this Court does not reflect that there were any objections to the instructions given or the court's procedures pertaining to the jury instructions.

During jury deliberations, the jury sent two notes to the trial court. The first asked: "Does the prosecutor have the discretion to determine what charges can be filed, or does he have to follow the letter of the law?" (R. at 536.) The second note asked: "If we find the defendant guilty of felony murder, can we ask for leniency at sentencing?" *Id.* Upon receiving these notes, the trial court consulted with counsel and proposed that the court respond by telling the jurors that they had to rely on the evidence and the instructions of the court, and that the court could not answer the questions. Defense counsel advised the court that if the court thought it could not answer the questions "the only thing you can do then is to bring them out and tell them to rely on the instructions provided." (R. at 537.) The trial court then proposed to bring the jurors in, and defense

3. *See Johnson v. State,* 518 N.E.2d 1073, 1076 (Ind.1988) (approving a similar instruction).

counsel added: "I would say that I would like the Court to answer the first question." *Id.* Defense counsel, however, did not propose any specific wording for an answer or any supplemental jury instructions. The court did not answer the jurors questions but simply referred them to the evidence and the written jury instructions that the court previously had given. The parties did not request that all of the instructions be reread in open court and the trial court did not do so.

After the three-day trial, the jury convicted defendant on all counts.

## DISCUSSION

The sole question on appeal is whether the trial court erred when the court declined to answer the jury's first question—regarding whether the prosecutor had discretion to determine what charges can be filed—and instead simply directed the jury to the evidence and the written jury instructions. Defendant's rather sketchy argument is apparently that, under Indiana Code § 34–36–1–6 (1998),[4] a trial court is obligated to respond to any jury question about the law, and that the trial court's decision not to answer the jury's legal question here and instead to simply refer the jurors to the evidence and the court's instructions, constitutes prejudicial error requiring reversal.[5] We disagree and affirm the decision below.

We first observe that it is far from clear that defendant properly preserved this issue for appeal for, although he requested that the court answer the first question, he did not state that he objected to the court's decision to decline to answer the question [6] and, in fact, at one point, he seemed to suggest that the court should simply refer the jury to the evidence and to the court's instructions.[7] He certainly did not suggest an answer by proposing specific language for a response to the jury's question or by providing supplemental jury instructions in light of the jury's questions.[8] Nevertheless, even if we construe his colloquy with the court on the issue to constitute a proper objection and determine that he has not waived the issue, we still find no error here.

Section 34–36–1–6, relied on by defendant, when read together with Section 35–37–2–2 (1998) (governing, among other things, the order of trial, arguments of counsel, and instructions),[9] and relevant case law, does not help defendant here. Section 34–36–1–6 simply provides:

> If, after the jury retires for deliberation:
>
> (1) there is a disagreement among the jurors as to any part of the testimony; or

**4.** Section 34–36–1–6 was formerly codified at Ind.Code § 34–1–21–6 (1993). While the recodified version incorporates minor editorial changes, the two versions are otherwise the same.

**5.** As we read defendant's brief, he concedes that the trial court correctly determined not to answer the second question. Moreover, although he makes passing reference to the testimony of Officer Thompson, he does not appear to argue that the jury's notes reflect a disagreement over the testimony of that witness. *See Bouye v. State,* 699 N.E.2d 620, 626–627 (Ind.1998) (discussing when the statutory protection set out at Ind.Code § 34–1–21–6 is triggered if defendant asserts the need for further instructions due to jury disagreement over testimony). Instead, he appears to characterize their first question as a question solely regarding the law, that is, the prescribed role of the prosecutor, and, in support of his argument, he cites *Neeley v. State,* 457 N.E.2d 532, 534 (Ind.1983) (reasoning that it is well-settled that the decision to prosecute lies within the prosecutor's discretion so long as the prose-

cutor has probable cause to believe that the accused committed an offense). The State does not challenge his characterization. Thus, we construe the jury's first question as a request to be informed on a point of law.

**6.** *See, e.g., Ben–Yisrayl v. State,* 690 N.E.2d 1141, 1150 (Ind.1997) (failure to object results in waiver of argument), *reh'g denied* (July 9, 1998).

**7.** *See, e.g., Kingery v. State,* 659 N.E.2d 490, 494 (Ind.1995) (party inviting error cannot use that error as grounds for reversal).

**8.** *See, e.g., Martin v. State,* 535 N.E.2d 493, 497 (Ind.1989) (failure to tender written instructions to the trial court results in waiver of the issue).

**9.** *See, e.g., Quakenbush v. Lackey,* 622 N.E.2d 1284, 1290 (Ind.1993) (reasoning that the Court will strive to harmonize two statutes addressing the same subject matter); *Schrenker v. Clifford,* 270 Ind. 525, 527, 387 N.E.2d 59, 60 (1979) (same).

(2) *the jury desires to be informed as to any point of law arising in the case;* the jury may request the officer to conduct them into the court, where *the information required shall be given in the presence of, or after notice to, the parties or the attorneys representing the parties.*

Ind.Code § 34–36–1–6 (emphasis added). Contrary to defendant's assertion, this statutory provision does not mandate that the trial court provide information automatically and mechanically every time the jury requests it, or that a failure to answer every question posed by the jury is reversible error per se. *See Smith v. State,* 270 Ind. 579, 580, 388 N.E.2d 484, 485 (1979). Rather, it requires the trial court initially to exercise discretion in determining whether it should answer certain questions of the jury. *See id.*

■ Once the trial court, in the exercise of its discretion, has determined that a question posed or information requested by the jury relates to "a disagreement" among the jurors "as to any part of the testimony" or reflects the jury's "desire to be informed as to any point of law *arising in the case,*" Ind.Code § 34–36–1–6 (emphasis added), the court then must supply the requested information, to the extent that it consists of properly admitted testimony or documentary evidence, or answer the legal question. *See Johnson v. State,* 518 N.E.2d 1073, 1078 (Ind. 1988); *Survance v. State,* 465 N.E.2d 1076, 1082–83 (Ind.1984); *Douglas v. State,* 441 N.E.2d 957, 962 (Ind.1982), *cited in Cade v. State,* 590 N.E.2d 624, 625 (Ind.Ct.App.1992); *Harris v. State,* 269 Ind. 672, 676–77, 382 N.E.2d 913, 916 (1978); *Ortiz v. State,* 265 Ind. 549, 564–65, 356 N.E.2d 1188, 1197 (1976), *overruled on other grounds, Smith v. State,* 689 N.E.2d 1238, 1246–47 n. 11 (Ind. 1997); *Taylor v. State,* 677 N.E.2d 56, 63 (Ind.Ct.App.), *transfer denied,* 690 N.E.2d 1178 (Ind.1997). If the court does determine that Section 34–36–1–6 requires the court to provide a response to the jury, any answer given or information provided, as a procedural matter, "shall be given in the presence of, or after notice to, the parties or the attorneys representing the parties" and generally in open court. *See* Ind.Code § 34–36–1–6;

*Powell v. State,* 644 N.E.2d 855, 857–58 (Ind. 1994); *Long v. State,* 422 N.E.2d 284, 287 (Ind.1981).

■ If the trial court determines that the question posed or information requested does not relate to "a disagreement" among the jurors "as to any part of the testimony" and does not pertain to a "point of law arising in the case," within the meaning of Section 34–36–1–6, the trial court nevertheless has discretion to provide the requested information. *Smith,* 388 N.E.2d at 485. *See also Sturma v. State,* 683 N.E.2d 606, 609 (Ind.Ct.App. 1997); *Kiner v. State,* 643 N.E.2d 950, 955 (Ind.Ct.App.1994); *Grayson v. State,* 593 N.E.2d 1200, 1206 (Ind.Ct.App.1992). The trial court, however, must exercise its discretion extremely cautiously, consistent with Indiana Code Section 35–37–2–2 and case law in this area.

■ Section 35–37–2–2 provides in pertinent part that: "A charge of the court or any special instructions, when written and given by the court under this subdivision, may not be orally qualified, modified, or in any manner orally explained to the jury by the court." Ind.Code § 35–37–2–2(6). Cases focusing on this provision or its statutory predecessor, Ind.Code § 35–1–35–1 (1976), stand for the proposition that, when the jury indicates that it has a problem in its deliberations concerning an important issue of law on which they were previously instructed, the trial court generally should reread the instructions to the jury without further comment. *See, e.g., Wallace v. State,* 426 N.E.2d 34, 36 (Ind.1981); *Cameron v. State,* 270 Ind. 185, 187, 383 N.E.2d 1039, 1041 (1979); *Brannum v. State,* 267 Ind. 51, 57, 366 N.E.2d 1180, 1184–85 (1977). Cases involving a jury which informs the court that it is deadlocked also have emphasized that the court simply should call the jury back into open court in the presence of all of the parties and their counsel, if they desire to be there, and reread the instructions to the jury with *no further comment. See Bailey v. State,* 669 N.E.2d 972, 975 (Ind.1996) (reaffirming *Lewis v. State,* 424 N.E.2d 107, 111 (Ind.1981)).[10] By following this general pro-

---

**10.** In *Lewis v. State,* 424 N.E.2d 107, 111 (Ind. 1981), this Court disapproved the use of the

cedure, the trial court avoids emphasizing a particular instruction or a particular aspect of the case and also avoids suggesting a resolution of the issue. *See Cameron,* 383 N.E.2d at 1041; *Crowdus v. State,* 431 N.E.2d 796, 798 (Ind.1982).

■ This Court has emphasized that a trial court should exercise its discretion to depart from this general procedure only for good reason, as when the jury question posed points up "an error or legal lacuna in the final instructions." *Jenkins v. State,* 424 N.E.2d 1002, 1003 (Ind.1981). *See also Downs v. State,* 656 N.E.2d 849, 851–53 (Ind. Ct.App.1995).[11]

We decline to adopt defendant's construction of Section 34–36–1–6 because that proposed construction would completely eclipse Section 35–37–2–2 and the cases setting forth the well-established procedure set out above. Instead, we conclude, as we have in the past, that Section 34–36–1–6 does not require the court to answer every question posed by the jury during deliberations. As to legal questions posed, Section 34–36–1–6 requires the court to answer only those legal questions that relate to a "point of law arising in the case." Ind.Code § 34–36–1–6. We also reaffirm the principle that a trial court should exercise its discretion to respond to a jury's legal questions which do not fall within the ambit of Section 34–36–1–6 extremely carefully, and should depart from the general procedure discussed above only for good reason and in such a manner as not to emphasize any necessary supplemental instruction.

*See Jenkins,* 424 N.E.2d at 1003; *supra* note 10.

Here, we cannot say that the trial court erred or abused its discretion when it declined to answer the jury's legal question posed during deliberations. This is not a case where the trial court was required, pursuant to Section 34–36–1–6, to answer the jury's legal question. Certainly defendant points to nothing in the record warranting a conclusion that the jury's question pertains to "a point of law arising in this case," Ind. Code § 34–36–1–6, and, as a general matter, we would not expect matters pertaining to the prosecutor's discretion in charging a defendant to be an issue requiring consideration or resolution by a jury.

Moreover, there is nothing in the record which reflects that the trial court abused its discretion in declining to answer the question. The parties presented all of the evidence to the jury during the course of the three-day trial, and the trial court instructed them as to the applicable law, including the State's role in charging defendant and proving his guilt and jury's role in evaluating the evidence, and in applying and determining the law and the facts.

As previously stated, there is no assertion here that the trial court's instructions were erroneous. There were no specific proposals before the trial court as to how to word a response to the jury's question, and defense counsel certainly did not explain to the trial court why, in light of the jury's question, the final jury instructions were incomplete or propose an appropriate supplemental instruc-

"*Allen* charge," a charge which was given to a jury in an effort to break a deadlock and which included, among other things, the instruction that the jurors in the minority "ought to ask themselves whether they might not reasonably doubt the correctness of a judgment which was not concurred in by the majority." *Allen v. United States,* 164 U.S. 492, 501, 17 S.Ct. 154, 41 L.Ed. 528 (1896). The United States Supreme Court found no error in these instructions. In disapproving the use of a supplemental charge given by the trial court in an effort to break a jury deadlock, this Court noted that the "proper procedure is for the court to call the jury back into open court in the presence of all of the parties and their counsel, if they desire to be there, and to reread all instructions given to them and without further comment." *Lewis,* 424

N.E.2d at 111. *See also Cavendish v. State,* 496 N.E.2d 46, 47 (Ind.1986); *Cabell v. State,* 461 N.E.2d 1101, 1102 (Ind.1984); *Crowdus v. State,* 431 N.E.2d 796, 798 (Ind.1982); *Burnett v. State,* 426 N.E.2d 1314, 1315 (Ind.1981).

11. In such cases, the trial court, of course, must still provide the needed correction or supplementation in such a manner as to avoid emphasizing a particular instruction. *See Durden v. State,* 406 N.E.2d 281, 282–83 (Ind.Ct.App.1980) (finding no error and affirming the trial court when the jury had been incompletely instructed and the trial court read the supplemental instruction together with all of the previously given instructions to avoid emphasizing the supplemental instruction).

tion. Although defendant now suggests that the trial court should have answered the jury's question about the prosecutor's discretion simply by instructing the jury that the prosecutor had discretion to determine what charges to file against the defendant, we share the State's concern that such a response might have encouraged the jury to speculate as to facts not in evidence regarding the prosecutor's motives in charging defendant with one or more of the counts at issue or regarding other evidence the prosecutor may have considered but which was not presented to the jury. *See State v. Dutton,* 405 N.E.2d 560, 565–66 (Ind.Ct.App.1980).

Thus, on the record before us, we conclude that the trial court did not err or abuse its discretion when it declined to answer the jury's question and simply referred the jury to the evidence and the instructions of the court. Accordingly, we affirm the decision below.

SHEPARD, C.J., and DICKSON, SULLIVAN and BOEHM, JJ., concur.